# EXHIBIT 1

## Case Information

# Nancy Jordan, Michael Jordan vs. Michael Gonnelley, Glass America, LLC, The Boyd Group

2023CV01206

Location
Clayton State Court

Case Category
Tort – Auto Accident

Case Type
Tort

Case Filed Date
5/17/2023

## Parties 5

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | Michael Jordan | | |
| Plaintiff | Nancy Jordan | | |
| Defendant | Glass America, LLC | | Kindu A Walker |
| Defendant | The Boyd Group | | Kindu A Walker |
| Defendant | Michael Gonnelley | | Kindu A Walker |

## Events 37

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 5/17/2023 | Filing | Complaint | Complaint | Nancy Jordan - Complaint.pdf |
| 5/17/2023 | Filing | Summons | Summons | Nancy Jordan - Summons Clayton County.pdf |
| 5/17/2023 | Filing | Case Initiation Form | Case Initiation Form | Nancy Jordan - General-Civil-Case-Filing-Information-Form.pdf |
| 5/17/2023 | Filing | Discovery (WE PROPOSE TO ADD THIS STATEWIDE) | Discovery to Deft Gonnelley | Nancy Jordan - Pltf's First Discovery to Def Gonnelley.pdf |
| 5/17/2023 | Filing | Discovery (WE PROPOSE TO ADD THIS STATEWIDE) | Discovery to Deft Glass America, LLC | Nancy Jordan - Pltf's First Discovery Requests to Def Glass America.pdf |
| 5/23/2023 | Filing | Affidavit | Affidavit of Service | Nancy Jordan - Affidavit of Special Process Server - Excel Investigations.pdf |
| 5/24/2023 | Filing | Motion | Motion and Proposed Order | Nancy Jordan - Pltf Motion for Special Appt of Process Server and Order Appointing Process Server.pdf |
| 6/1/2023 | Filing | Affidavit | AOS | Nancy Jordan - Completed Affidavit of Service Not Filed.pdf |
| 6/2/2023 | Filing | Order on Motion | Order on Motion for Special Appointment of Process Server | Jordan v. Gonnelley; 2023CV01206; P's Motion for Spec Appt of Process Server.pdf |
| 6/6/2023 | Filing | Sheriff's Service | Sheriff's Service | 2023CV01206 Sher Serv.pdf |
| 7/13/2023 | Filing | Amended Filing | Amended Complaint | Nancy Jordan - Amended Complaint.pdf |
| 7/14/2023 | Filing | Cert of Service | Cert of Service | Nancy Jordan - COS for Disc to Def The Boyd Group.pdf |
| 7/25/2023 | Filing | Notice | Summons | Nancy Jordan - Amended Summons.pdf |
| 7/25/2023 | Filing | Amended Filing | Amended Complaint | Nancy Jordan - Second Amended Complaint.pdf |
| 8/7/2023 | Filing | Acknowledgement | Secretary of State Certificate of Acknowledgement | SOP-23168093.pdf |
| 8/8/2023 | Filing | Acknowledgement | Secretary of State Certificate of Acknowledgement | SOP-23169139.pdf |
| 8/10/2023 | Filing | Affidavit | Certificate of Acknowledgement | Nancy Jordan - Service of Process Boyd Group.pdf |
| 8/10/2023 | Filing | Affidavit | Certificate of Acknowlegment | Nancy Jordan - Service of Process M Gonnelley.pdf |
| 8/10/2023 | Filing | Sheriff's Service | Sheriff Entry of Service | Nancy Jordan - SEOS M Gonnelley.pdf |
| 8/21/2023 | Filing | Entry Of Appearance | Notice of Appearance - Nichols | Notice of Entry of Appearance - Jordan.pdf |
| 8/22/2023 | Filing | Sheriff's Service | SEOS Def Glass America Midwest | Nancy Jordan - Successful SEOS Glass America Midwest.pdf |

2/29/24, 12:34 PM

Case 1:2... Search GA Courts by ... n, Michael... Documents vs. Michael Filed... lley; Glass... 02/29/24 America; ... Page 3 of 257 Group 2023CV01206

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 9/19/2023 | Filing | Motion | Consent Motion To Extend Time For Defendants To Answer Plaintiffs' Second Amended Complaint | 2023.09.19 Consent Motion to Extend Time for Defendants to Answer Complaint.pdf, 2023.09.19 Proposed Order (for Consent Motion).pdf |
| 9/22/2023 | Filing | Answer/Contest/Response | Glass America's Answer and Affirmative Defenses | 2023.09.21 Glass America's Answer and Affirmative Defenses.pdf |
| 9/22/2023 | Filing | Answer/Contest/Response | Michael Gonnelley's Answer and Affirmative Defenses | 2023.09.21 Gonnelley's Answer and Affirmative Defenses.pdf |
| 9/22/2023 | Filing | Answer/Contest/Response | The Boyd Group's Special Appearance Answer and Affirmative Defenses | 2023.09.21 The Boyd Group's Special Appearance Answer and Affirmative Defenses.pdf |
| 10/19/2023 | Filing | Cert of Service | COS - Def Glass America Midwest | Nancy Jordan – COS for Pltf Disc to Def Glass America Midwest.pdf |
| 10/19/2023 | Filing | Cert of Service | COS - Def Gonnelley | Nancy Jordan – COS for Pltf Disc to Def Gonnelley.pdf |
| 11/15/2023 | Filing | Attorney Leave of Absence | Notice of Leave of Absence | 2023.11.15 – KAW Notice of LOA.pdf |
| 12/11/2023 | Filing | Cert of Service | Rule 5.2 Certificate of Discovery | 2023.12.11 – Rule 5.2 - Def Glass America and Gonnelly.pdf |
| 12/18/2023 | Filing | Motion | MOTION TO DISMISS THE BOYD GROUP US, INC. | Nancy Jordan – Motion to Dismiss The Boyd Group US Inc.pdf |
| 12/19/2023 | Filing | Attorney Leave of Absence | LOA | 2024 LOA.pdf |
| 1/2/2024 | Filing | Cert of Service | Rule 5.2 Certificate of Service of Discovery Materials for Def Glass America Midwest, LLC | 2024.01.02 - Rule 5.2 - Def Glass America RPDs and ROGs to Nancy and Michael Jordan.pdf |
| 2/1/2024 | Filing | Cert of Service | Nancy Jordan's Discovery Response | Nancy Jordan – COS for Pltf Nancy Jordans Resp to Def Glass America Disc.pdf |
| 2/1/2024 | Filing | Cert of Service | Michael Jordan's Discovery Response | Michael Jordan – COS for Pltf Michael Jordans Resp to Def Glass America Disc.pdf |
| 2/2/2024 | Filing | Attorney Leave of Absence | Notice of Leave of Absence | 2024.02.02- Final KAW Notice of LOA.pdf |
| 2/2/2024 | Filing | Order on Motion | Order Dismissing The Boyd Group US, Inc. | Jordan v. Gonnelley; 2023CV01206; Mot to Dismiss; grant.pdf |
| 2/29/2024 | Filing | Notice | Leave of Absence | 2024 LOA.pdf |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.11.0.99


EMPOWERED BY
TYLER TECHNOLOGIES

Filed 5/17/2023 11:01 AM

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                              Plaintiff

Vs.

                              2023CV01206
                              _____
_____
                              Case Number

_____

_____
                              Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

        Hannah Lowery
By:_____
Deputy Clerk

![Wolters Kluwer]

**CT Corporation**
**Service of Process Notification**
07/27/2023
CT Log Number 544381060

## Service of Process Transmittal Summary

**TO:**   Jenalyn Badel, Manager - Accounting Administration
The Boyd Group (U.S.) Inc.
400 W GRAND AVE
ELMHURST, IL 60126-1013

**RE:**   **Process Served in Delaware**

**FOR:**  The Boyd Group (U.S.) Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NANCY JORDAN and MICHAEL JORDAN // To: The Boyd Group (U.S.) Inc. |
| **CASE #:** | 2023CV01206 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/27/2023 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Jenalyn Badel  jenalyn.badel@boydgroup.com |
| | Email Notification, Pat Grierson  pat.grierson@boydgroup.com |
| | Email Notification, Gregory Tallon  gjt@tdslaw.com |
| | Email Notification, Peter Toni  peter.toni@boydgroup.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 866-203-1500 |
| | DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Align top of FedEx Express® shipping label here.

ORIGIN ID:NCQA  (404) 795-5115
STARKS BYRON PC
1275 SHILOH RD NW STE 2710

KENNESAW, GA 30144
UNITED STATES US

SHIP DATE: 26JUL23
ACTWGT: 0.25 LB
CAD: 6891698/PSFD2422

BILL THIRD PARTY

TO **THE BOYD GROUP US, INC.**
**CT CORPORATION TRUST CO O/B/O**
**1209 ORANGE ST**

**WILMINGTON DE 19801**
(000) 000-0000        REF:



**FedEx**
Express

**E**

TRK#
0201 **7816 7054 1135**

THU — 27 JUL 10:30A
**PRIORITY OVERNIGHT**
DSR
19801
DE-US        PHL

**XE ZWIA**



2023CV01206

E-Filed 7/25/2023 3:13 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Nancy Jordan and Michael Jordan |
|---|
|  |
|  |

Plaintiff

Vs.

2023CV01206

Case Number

| Michael Gonnelley |
|---|
| The Boyd Group US, Inc. |
| and Glass America Midwest, LLC |

Defendant

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

e-Filed 5/17/2023 11:01 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Hannah Lowery

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Nancy Jordan and Michael Jordan |
|---|
|  |
|  |

Plaintiff

Vs.

| Michael Gonnelley and Glass America, LLC |
|---|
|  |
|  |

Defendant

2023CV01206

_____

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

| Starks Byron, P.C.<br>1275 Shiloh Road<br>Suite 2710<br>Kennesaw, Georgia 30144 |
|---|
|  |

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Hannah Lowery

By:_____
Deputy Clerk

e-Filed 5/17/2023 11:01 AM

_Tiki Brown_
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Hannah Lowery**

## IN THE STATE COURT OF CLAYTON COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** ) | |
| ) | |
| **Plaintiffs,** ) | 2023CV01206 |
| ) | **Civil Action File No:** _____ |
| **v.** ) | |
| ) | |
| **MICHAEL GONNELLEY and GLASS** ) | |
| **AMERICA, LLC,** ) | |
| ) | |
| **Defendants.** ) | **DEMAND FOR JURY TRIAL** |

_____

### COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and Glass America, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Glass America, LLC is a corporation existing under the laws of Illinois with its principal place of business in Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75 in Clayton County, Georgia.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75 in Clayton County, Georgia, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Glass America, LLC.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Glass America, LLC.

16.

Defendant Glass America, LLC is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Glass America, LLC was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Glass America, LLC was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Glass America, LLC was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Glass America, LLC's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

32.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;
c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
d. That Plaintiffs recover such other and further relief as is just and proper; and
e. That all issues be tried before a jury.

This __ day of May, 2023.

                                        Respectfully submitted.
                                        STARKS BYRON, P.C.,

                                        */s/ Trisha Starks-Byron*
                                        Trisha Starks-Byron, Esq.
                                        Georgia State Bar No. 128293
                                        Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

e-Filed 7/13/2023 2:22 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No: <u>2023CV01206</u>** |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and THE BOYD** | ) | |
| **GROUP US, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

## <u>AMENDED COMPLAINT</u>

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

### NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 13th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No: 2023CV01206** |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC., and GLASS AMERICA | ) | |
| MIDWEST, LLC | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

_____

## SECOND AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make

and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc.

(hereinafter "Defendant Boyd Group"), and Glass America Midwest, LLC (hereinafter

"Defendant Glass America" as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the

jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida,

33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group is a for-profit corporation incorporated under the laws of

Delaware and may be served through its registered agent Corporation Trust Company at

Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Defendant Glass America is a for-profit corporation incorporated under the laws of

Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver

Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction

of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

7.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South

on I-75, directly behind Plaintiff Nancy Jordan.

8.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of

Defendant Boyd Group and/or Defendant Glass America.

9.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant

Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

10.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

14.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Boyd Group and/or Defendant Glass America.

17.

Defendant Boyd Group and/or Defendant Glass America are responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Boyd Group and/or Defendant Glass America were negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

20.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly train Defendant Michael Gonnelley.

21.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly supervise Defendant Michael Gonnelley.

22.

Defendant Boyd Group and/or Defendant Glass America's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing

to train and supervise him properly were the sole and proximate cause of the collision, and

Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

23.

Plaintiffs incorporate by reference paragraphs 1 through 22 above as if fully restated.

24.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married

for twenty-nine (29) years and are still married as of present date.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs

have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a

loss of companionship and affection with his wife.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff

Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

27.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 25th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action File No: <u>2023CV01206</u> |
| **v.** | ) | |
| | ) | |
| MICHAEL GONNELLEY and GLASS AMERICA, LLC, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

---

## <u>AFFIDAVIT OF SPECIAL PROCESS SERVER</u>

I, <u>TONESA OLIVO</u>, personally appeared before the undersigned officer duly authorized to administer oaths in the State of Florida, who having been duly sworn, depose and state as follows:

1.     I am over the age of eighteen (18) years and am a citizen of the United States. I am not a convicted felon.

2.     I am a Certified Process Server certification number 157181, in good standing, in the Circuit in which this process server is to be served.

3.     I am a non-party to this Action, and I have no interest in this case. Further, I am not related by blood or marriage to any party in this case, and am not an employee of any party, or an employee of Plaintiff's attorney.

I certify under penalty of law that the foregoing is true and correct.

Signed, this 22ND day of May, 2023

_____

TONESA OLIVO

(Agent for EX-CEL INVESTIGATIONS)

SWORN TO AND SUBSCRIBED before me

this 22ND day of May, 2023

_____

NOTARY PUBLIC

JANET M. LOWDERMILK
Notary Public
State of Florida
Comm# HH151786
Expires 9/18/2025

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

NANCY JORDAN and MICHAEL JORDAN    )
        )
    Plaintiffs,        )
        )        **Civil Action File No:** 2023CV01206
v.        )
        )
MICHAEL GONNELLEY and GLASS    )
AMERICA, LLC,        )
        )
    Defendants.        )        **DEMAND FOR JURY TRIAL**

---

## PLAINTIFF'S MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

COMES NOW, Plaintiff, and moves pursuant to O.C.G.A § 9-11-4(c), for an order appointing Agent for EX-CEL INVESTIGATIONS , to serve Defendant Michael Gonnelley with a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, and Request for Admissions in the above-styled action, as authorized under the law. As grounds therefore, Plaintiff shows that upon information and belief, Defendant resides in Lee County, Florida. Tonesa Olivo has been appointed by the Lee County Sheriff's Office to act as a process server in Lee County, Florida. Plaintiff further shows that prompt service of process upon Defendants is important, that Tonesa Olivo is over the age of 18 years and is not an interested party to this case. See Affidavit of Special Process Server executed by Tonesa Olivo, attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff prays that this motion be granted, and that Tonesa Olivo be appointed to serve process on Defendants residing in Florida. A proposed order is attached hereto as **Exhibit B**.

Respectfully submitted, this 23rd day of May, 2023.

Starks Byron, P.C.,

*/s/ Trisha Starks*
Trisha Starks
Georgia State Bar No. 128293
1275 Shiloh Road Suite 2710
Kennesaw, Georgia 30144
Phone: 404-795-5115

# EXHIBIT A

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

NANCY JORDAN and MICHAEL JORDAN )
                                  )
        Plaintiffs,               )
                                  )          Civil Action File No: <u>2023CV01206</u>
v.                                )
                                  )
MICHAEL GONNELLEY and GLASS       )
AMERICA, LLC,                     )
                                  )
        Defendants.               )          DEMAND FOR JURY TRIAL

---

## <u>AFFIDAVIT OF SPECIAL PROCESS SERVER</u>

I, <u>TONESA OLIVO</u>, personally appeared before the undersigned officer duly authorized to administer oaths in the State of Florida, who having been duly sworn, depose and state as follows:

1.    I am over the age of eighteen (18) years and am a citizen of the United States. I am not a convicted felon.

2.    I am a Certified Process Server certification number 157181, in good standing, in the Circuit in which this process server is to be served.

3.    I am a non-party to this Action, and I have no interest in this case. Further, I am not related by blood or marriage to any party in this case, and am not an employee of any party, or an employee of Plaintiff's attorney.

I certify under penalty of law that the foregoing is true and correct.

Signed, this _22ND_ day of May, 2023

_____,
TONESA OLIVO

(Agent for EX-CEL INVESTIGATIONS)

SWORN TO AND SUBSCRIBED before me

this _22ND_ day of May, 2023

_____
NOTARY PUBLIC

JANET M. LOWDERMILK
Notary Public
State of Florida
Comm# HH151786
Expires 9/18/2025

# EXHIBIT B

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No:** <u>2023CV01206</u> |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and GLASS** | ) | |
| **AMERICA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

---

## ORDER APPOINTING PROCESS SERVER

Plaintiff's Motion For Special Appointment of Process Server having been read and considered, and it appearing to the court that such appointment is authorized by O.C.G.A § 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Tonesa Olivo is appointed, authorized and directed to serve a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, and Request for Admissions in this Action on Defendants residing in Florida, and to make and file a proof of service as required by law.

SO ORDERED this _____ day of _____, 2023.


_____
Judge, State Court of Clayton County, Georgia

Prepared by:
Trisha Starks
Georgia Bar No. 128293
Starks Byron, P.C.
1275 Shiloh Road Suite 2710
Kennesaw, Georgia, 30144
Phone: 404-795-5115

2023CV01206    e-Filed 6/1/2023 4:37 PM



Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

EX-CEL Investigations®
Post Office Box 22124
St Petersburg, FL 33742
Phone: (727) 527-5440
Tax ID #: 59-2394496

## INVOICE

Invoice #EXI-20230675
9/12/2023

Trisha Starks
1275 Shiloh Road Suite 2710
Kennesaw, GA 30144

**Case Number: Clayton 2023CV01206**

Plaintiff:
**Nancy Jordan**

Defendant:
**Michael Gonnelley**

Received: 5/22/2023    Served: 5/26/2023 4:58 pm  INDIVIDUAL/PERSONAL
To be served on: Michael Gonnelley

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service out of County | 1.00 | 90.00 | 90.00 |
| TOTAL CHARGED: | | | $90.00 |

| **BALANCE DUE:** | | | **$90.00** |
|---|---|---|---|

Please enclose a copy of this invoice with your payment.
Full amount due upon receipt. There is a $35.00 late fee per month plus balance shall be subject to 1 1/2% service
charge per month for such unpaid balance.

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.1g

2023CV01206

e-Filed 5/17/2023 11:01 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Nancy Jordan and Michael Jordan

**ORIGINAL**

Date 5-26-2023

Time 4:58 P.m.

By T.O. #157181

**Plaintiff**

Vs.

2023CV01206

Michael Gonnelley and Glass America, LLC

Case Number

**Defendant**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, Georgia 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

Hannah Lowery

By:

Deputy Clerk

TO 157181
5-26-23 4:58 p

## AFFIDAVIT OF SERVICE

State of Georgia        County of CLAYTON        State Court

Case Number: 23-CV-1206

Plaintiff:
**NANCY JORDAN AND MICHAEL JORDAN**

vs.

Defendant:
**MICHAEL GONNELLEY AND GLASS AMERICA LLC**

For:
TRISHA STARKS-BYRON
STARKS BYRON P.C.
1275 SHILOH ROAD
SUITE 2710
KENNESAW, GA 30144

SCD2023008047

Received by EX-CEL INVESTIGATIONS on the **25th day of May, 2023** at **3:21 pm** to be served on **MICHAEL GONNELLEY, 3016 NW 20TH AV, CAPE CORAL, FL.**

I, TONESA OLIVO.., being duly sworn, depose and say that on the **26th day of May, 2023** at **4:58 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, COMPLAINT, FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, NOTICE TO PRODUCE, FIRST REQUEST FOR ADMISSIONS CERTIFICATE OF SERVICE E FILED** with the date and hour of service endorsed thereon by me, to: **MICHAEL GONNELLEY** at the address of: **3016 NW 20TH AV, CAPE CORAL, FL,** and informed said person of the contents therein, in compliance with state statutes.

I do hereby certify that I have no interest in the above action, that I am over the age of eighteen, and that I am a Certified Process Server in the circuit in which it was served. Under penalty of perjury I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true and correct. Notary not required pursuant to F.S. 92.525.

STATE OF FLORIDA
COUNTY OF ⟋‗‗‗

Sworn to (or affirmed) and subscribed before me by
means of [X] physical presence or [ ] online notarization
on the 30th day of May, 2023 by the affiant who is
personally known to me.

NOTARY PUBLIC

**JANET M. LOWDERMILK**
Notary Public
State of Florida
Comm# HH151786
Expires 9/18/2025

**TONESA OLIVO..**
ID #157181

**EX-CEL INVESTIGATIONS**
P.O. Box 22124
St. Petersburg, FL 33742
**(727) 527-5440**

Our Job Serial Number: SCD-2023008047
Ref: 5787

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No: <u>2023CV01206</u> |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY and GLASS | ) | |
| AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

<u>**AFFIDAVIT OF SPECIAL PROCESS SERVER**</u>

I, <u>TONESA OLIVO</u>, personally appeared before the undersigned officer duly authorized to administer oaths in the State of Florida, who having been duly sworn, depose and state as follows:

1.    I am over the age of eighteen (18) years and am a citizen of the United States. I am not a convicted felon.

2.    I am a Certified Process Server certification number 157181, in good standing, in the Circuit in which this process server is to be served.

3.    I am a non-party to this Action, and I have no interest in this case. Further, I am not related by blood or marriage to any party in this case, and am not an employee of any party, or an employee of Plaintiff's attorney.

I certify under penalty of law that the foregoing is true and correct.

Signed, this __22nd__ day of May, 2023

_____
TONESA OLIVO                                    ,

(Agent for EX-CEL INVESTIGATIONS)

SWORN TO AND SUBSCRIBED before me

this __22__ day of May, 2023

NOTARY PUBLIC

JANET M. LOWDERMILK
Notary Public
State of Florida
Comm# HH151786
Expires 9/18/2025

e-Filed 6/2/2023 4:40 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and | ) | |
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | 2023 CV 01206-LH |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY and | ) | |
| GLASS AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The matter before the Court is *Plaintiff's Motion for Special Appointment of Process Server,* filed on May 24, 2023.  In the motion, Plaintiffs Nancy Jordan and Michael Jordan seek an order for the appointment of Tonesa Olivio, a Florida process server, to personally serve Defendant Michael Gonnelley ("Defendant"), pursuant to O.C.G.A. § 9-11-4(c).  Plaintiffs maintain that Defendant is a resident of Florida.  In Georgia, service of process may be performed by:  (1) the sheriff of the county where the action is filed; (2) the marshall or sheriff of the court; (3) a U.S. citizen specially appointed by the Court; (4) an individual at least eighteen years of age who is not a party to the action and appointed by the court or as a permanent process server; or (5) a certified process server.  O.C.G.A. § 9-11-4(c).  In instances where service of process is made outside of the United States, after an order of publication, it may be served by any resident of that country or territory who is specially appointed by the court for that purpose.  O.C.G.A. § 9-11-4(c)(5).  Plaintiff's request to appoint an agent to serve process upon Defendant, who resides in Florida, is not authorized by the aforementioned statute.  As such,

IT IS HEREBY ORDERED that Plaintiff's *Motion for Appointment of Private Process Server* is **DENIED**.

SO ORDERED this 2nd day of June, 2023.

Tammi Long Hayward
Judge, State Court of Clayton County

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NANCY JORDAN and | ) | |
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 2023 CV 01206-LH |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY and | ) | |
| GLASS AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the order dated June 2, 2023 on the parties through the Georgia Odyssey e-filing system.

This 2nd day of June, 2023.

Camille Heath-Fortson,
Staff Attorney for Judge Tammi Long Hayward
State Court of Clayton County

☐ **Superior Court**         ☐ **Magistrate Court**

**CLAYTON COUNTY, GEORGIA**

CASE NUMBER  2023cv01206

**Nancy Jordan and Michael Jordan**

*Tiki Brown*
**Tiki Brown**
~~Clerk of~~ State Court
Clayton County, Georgia
Cornelia Ramsey

Plaintiff ☐

| FOR CLERK'S USE ONLY: |
|---|
| Mailed copy to Pltf Atty    /    / 20 |

VS.

**Glass America, LLC**

Defendant ☑

**289 S. Culver Street, Lawrenceville, Georgia, 30046**

Address ☐

Attorney or Plaintiff's Name & Address

Starks Byron, P.C.

Garnishee ☐

**1275 Shiloh Road Suite 2710 Kennesaw, GA 30144**

Address ☐

Designate Party to be served by placing a check in box above.

# SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant ......................................................................... personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant ......................................................................... by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ......................................................................... described as follows

age, about ............... years; weight, about ............... pounds; height, about ............... feet and ............... inches, domiciled at the residence of defendant, at ................... A.M. - P.M.

**CORPORATION** ☐
Served the (defendant, Garnishee) ......................................................................... a corporation

by leaving a copy of the within action and summons with .........................................................................
in charge of the office and place of doing business of said Corporation in this County, at ............ A.M. - P.M.

**TACK & MAIL** ☐
I have this day served the above affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant ............ *Glass America* ............
not to be found in the jurisdiction of this Court. *Out of County*

The defendant is required to answer no later than ......................................................................... , 20 ............ , at the place stated in the summons.

This ....... 2 ....... day of ............... 6 ............... , 20 ... 23

......................................................................... 
**DEPUTY SHERIFF, CLAYTON COUNTY.**

**WHITE: Clerk       CANARY: Defendant**

2023CV01206    Filed 7/13/2023 2:22 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action File No: <u>**2023CV01206**</u> |
| **v.** | ) | |
| | ) | |
| MICHAEL GONNELLEY and THE BOYD | ) | |
| GROUP US, INC. | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

_____

## <u>AMENDED COMPLAINT</u>

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

    a.  That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.  That Plaintiffs recover for physical and mental pain and suffering in an amount to be
    determined by the enlightened conscience of a jury;
c.  That Plaintiffs recover punitive damages in an amount to be determined by the
    enlightened conscience of a jury;
d.  That Plaintiffs recover such other and further relief as is just and proper; and
e.  That all issues be tried before a jury.

This 13th day of July, 2023.

                                      Respectfully submitted.
                                      STARKS BYRON, P.C.,

                                      */s/ Trisha Starks-Byron*
                                      Trisha Starks-Byron, Esq.
                                      Georgia State Bar No. 128293
                                      Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No: 2023CV01206** |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and THE BOYD** | ) | |
| **GROUP US, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served Defendant The Boyd Group US, Inc. with a copy of the forgoing:

- **Complaint for Damages;**
- **Plaintiff's First Request for Admissions;**
- **Plaintiff's First Interrogatories to Defendant; and,**
- **Plaintiff's First Request for Production of Documents.**

Upon the Defendant addressed as:

<div align="center">

The Boyd Group US, Inc.
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, New Castle
Delaware 19801

</div>

This 14th day of July, 2023.

<div align="center">

Respectfully submitted,
STARKS BYRON, P.C

</div>

_/s/ Trisha Starks_____
Trisha Starks, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

2023CV01106

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Telephone: (404) 795-5115
Fax: (404)994-1220
trisha@starksbyron.com

e-Filed 7/25/2023 3:13 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

---

Nancy Jordan and Michael Jordan

Plaintiff

Vs.

Michael Gonnelley

The Boyd Group US, Inc.

and Glass America Midwest, LLC

Defendant

2023CV01206

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Nancy Jordan and Michael Jordan

Plaintiff

Vs.

2023CV01206
Case Number

Michael Gonnelley

The Boyd Group US, Inc.

and Glass America Midwest, LLC

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:
Deputy Clerk

Sheriff, Lee County, Florida
SERVED ☐ NOT SERVED
TIME 405 M DATE 7 31 20
COMMENT
DEPUTY

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Civil Action File No: 2023CV01206** |
| v. ) | |
| ) | |
| MICHAEL GONNELLEY, THE BOYD ) | |
| GROUP US, INC., and GLASS AMERICA ) | |
| MIDWEST, LLC ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |

_____

## SECOND AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make

and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc.

(hereinafter "Defendant Boyd Group"), and Glass America Midwest, LLC (hereinafter

"Defendant Glass America" as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the

jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida,

33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Defendant Glass America is a for-profit corporation incorporated under the laws of Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

7.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

8.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group and/or Defendant Glass America.

9.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

10.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

14.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Boyd Group and/or Defendant Glass America.

17.

Defendant Boyd Group and/or Defendant Glass America are responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Boyd Group and/or Defendant Glass America were negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

20.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly train Defendant Michael Gonnelley.

21.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly supervise Defendant Michael Gonnelley.

22.

Defendant Boyd Group and/or Defendant Glass America's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing

to train and supervise him properly were the sole and proximate cause of the collision, and
Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

23.

Plaintiffs incorporate by reference paragraphs 1 through 22 above as if fully restated.

24.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married
for twenty-nine (29) years and are still married as of present date.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs
have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a
loss of companionship and affection with his wife.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff
Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

27.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff

Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries

and pain and suffering.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical

expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work

and has a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of

consortium, loss of companionship and loss of spousal support.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 25th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action File No: 2023CV01206** |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and THE BOYD** | ) | |
| **GROUP US, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

---

### AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 13th day of July, 2023.

                                        Respectfully submitted.
                                        STARKS BYRON, P.C.,

                                        /s/ Trisha Starks-Byron
                                        Trisha Starks-Byron, Esq.
                                        Georgia State Bar No. 128293
                                        Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | 2023CV01206 |
| | ) | **Civil Action File No:** _____ |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and GLASS** | ) | |
| **AMERICA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

---

## COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and Glass America, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Glass America, LLC is a corporation existing under the laws of Illinois with its principal place of business in Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75 in Clayton County, Georgia.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75 in Clayton County, Georgia, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Glass America, LLC.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Glass America, LLC.

16.

Defendant Glass America, LLC is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Glass America, LLC was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Glass America, LLC was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Glass America, LLC was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Glass America, LLC's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

32.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;
c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
d. That Plaintiffs recover such other and further relief as is just and proper; and
e. That all issues be tried before a jury.

This __ day of May, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

Control Number : SOP-231680\
Tiki Brown\
Clerk of State Court\
Clayton County, Georgia\
Waukecia Lawrence

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### The Boyd Group US, Inc.

have been filed with the Secretary of State on 07/31/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nancy Jordan and Michael Jordan v. The Boyd Group US, Inc.\
Court: State Court of Clayton County\
Civil Action No.: 2023CV01206

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/07/2023.



Brad Raffensperger\
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information**. The service of process being made relates to the following proceeding:

   Style of Proceeding:  Nancy Jordan and Michael Jordan v. Michael Gonnelley, The Boyd Group US, Inc., and Glass America Midwest, LLC

   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

   Civil Action No./File No.:  **2023CV01206**

   Court:  **State Court of Clayton County**

   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*      ☐ O.C.G.A. § 14-8-46(i)*      ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)      ☐ O.C.G.A. § 14-8-50(c)      ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)      ☐ O.C.G.A. § 14-8-52(d)      ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)      ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)      ☐ O.C.G.A. § 14-9-902.1(i)*      ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)      ☐ O.C.G.A. § 14-9-906      ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)      ☐ Other: O.C.G.A._____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: **The Boyd Group US, Inc.**

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   **Corporation Trust Company at Corporation Trust Center**

   **1209 Orange Street, Wilmington, Delaware 19801**

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:  **Trisha Starks**

   Address:  **1275 Shiloh Rd NW Suite 2710**

   **Kennesaw, GA 30144**

   Email:  **trisha@starksbyron.com**

Form SOP-1
(Rev.6/2018)

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No: <u>2023CV01206</u> |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC., and GLASS AMERICA | ) | |
| MIDWEST, LLC | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

---

## AFFIDAVIT OF COMPLIANCE

COMES NOW Trisha Starks, who, being first duly sworn, states under oath as follows:

1.

I am an adult over the age of twenty-one without disabilities that would prevent me from giving the testimony in this Affidavit.

2.

I am an attorney licensed to practice in the state of Georgia.

3.

I have complied with O.C.G.A § 40-12-2 by serving Brad Raffensperger of the office of the Georgia Secretary of State, with a copy of the summons and complaint.

4.

Defendant The Boyd Group US, Inc. is a non-resident of this state who may be served at Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New

Castle, Delaware 19801. I have mailed to its registered agent via statutory overnight delivery a copy of the complaint and other pleadings with summons attached.

5.

Defendant The Boyd Group US, Inc. received a copy of the Summons, Complaint, Amended Complaint and Second Amended Complaint on July 27, 2023. (See Proof of Delivery, "Exhibit A").

6.

The facts set forth in this affidavit are known to me to be true of my own personal knowledge.

7.

A false statement concerning the facts contained in this affidavit may subject the person making the false statement to criminal penalties as provided by law.


This 27th day of July 2023.

Trisha Starks


Sworn to and Subscribed
before me this 27 day
of July , 2023.

NOTARY PUBLIC

Cobb   County, Georgia

July 27, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 781670541135

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Receptionist/Front Desk |
| **Signed for by:** | N.ELSON | **Delivery Location:** | 1209 N ORANGE ST |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Direct Signature Required | | WILMINGTON, DE, 19801 |
| | | **Delivery date:** | Jul 27, 2023 09:40 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 781670541135 | **Ship Date:** | Jul 26, 2023 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
The Boyd Group US, Inc., CT Corporation Trust Co o/b/o
1209 ORANGE ST
WILMINGTON, DE, US, 19801

**Shipper:**
STARKS BYRON PC
1275 SHILOH RD NW STE 2710
KENNESAW, GA, US, 30144



Thank you for choosing FedEx

2023CV01206

2023CV01206

e-Filed 7/25/2023 3:13 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Nancy Jordan and Michael Jordan

Plaintiff

Vs.

Michael Gonnelley

The Boyd Group US, Inc.

and Glass America Midwest, LLC

Defendant

2023CV01206

Case Number

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

e-Filed 7/25/2023 3:13 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | Civil Action File No: <u>2023CV01206</u> |
| v.  ) | |
| ) | |
| MICHAEL GONNELLEY, THE BOYD  ) | |
| GROUP US, INC., and GLASS AMERICA  ) | |
| MIDWEST, LLC  ) | |
| Defendants.  ) | **DEMAND FOR JURY TRIAL** |

### SECOND AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make

and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc.

(hereinafter "Defendant Boyd Group"), and Glass America Midwest, LLC (hereinafter

"Defendant Glass America" as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the

jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida,

33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group is a for-profit corporation incorporated under the laws of

Delaware and may be served through its registered agent Corporation Trust Company at

Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Defendant Glass America is a for-profit corporation incorporated under the laws of

Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver

Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction

of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

7.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South

on I-75, directly behind Plaintiff Nancy Jordan.

8.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of

Defendant Boyd Group and/or Defendant Glass America.

9.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant

Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

10.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

14.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Boyd Group and/or Defendant Glass America.

17.

Defendant Boyd Group and/or Defendant Glass America are responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Boyd Group and/or Defendant Glass America were negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

20.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly train Defendant Michael Gonnelley.

21.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly supervise Defendant Michael Gonnelley.

22.

Defendant Boyd Group and/or Defendant Glass America's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing

to train and supervise him properly were the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

### 23.

Plaintiffs incorporate by reference paragraphs 1 through 22 above as if fully restated.

### 24.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine (29) years and are still married as of present date.

### 25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

### 26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

### 27.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a.   That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.   That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.   That Plaintiffs recover such other and further relief as is just and proper; and

e.   That all issues be tried before a jury.

This 25th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Civil Action File No: 2023CV01206** |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY and THE BOYD | ) | |
| GROUP US, INC. | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

    a.  That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 13th day of July, 2023.

<div style="margin-left:40%">

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

</div>

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

e-Filed 5/17/2023 11:01 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NANCY JORDAN and MICHAEL JORDAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | 2023CV01206 |
| | ) | **Civil Action File No:** _____ |
| **v.** | ) | |
| | ) | |
| **MICHAEL GONNELLEY and GLASS** | ) | |
| **AMERICA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and Glass America, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Glass America, LLC is a corporation existing under the laws of Illinois with its principal place of business in Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75 in Clayton County, Georgia.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75 in Clayton County, Georgia, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Glass America, LLC.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Glass America, LLC.

16.

Defendant Glass America, LLC is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Glass America, LLC was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Glass America, LLC was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Glass America, LLC was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Glass America, LLC's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

32.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;
c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
d. That Plaintiffs recover such other and further relief as is just and proper; and
e. That all issues be tried before a jury.

This __ day of May, 2023.

                              Respectfully submitted.
                              STARKS BYRON, P.C.,

                              /s/ Trisha Starks-Byron
                              Trisha Starks-Byron, Esq.
                              Georgia State Bar No. 128293
                              Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

Control Number : SOP-231691181

Fiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Michael Gonnelley**

have been filed with the Secretary of State on 07/31/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nancy Jordan and Michael Jordan v. Michael Gonnelley
Court: State Court of Clayton County
Civil Action No.: 2023CV01206

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/08/2023.



Brad Raffensperger
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

23 JUL 31 AM 11:42

# SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding:    Nancy Jordan and Michael Jordan v. Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, LLC

   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

   Civil Action No./File No.:    2023CV01206

   Court:    State Court of Clayton County

   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*      ☐ O.C.G.A. § 14-8-46(i)*      ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)      ☐ O.C.G.A. § 14-8-50(c)      ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)      ☐ O.C.G.A. § 14-8-52(d)      ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)      ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)      ☐ O.C.G.A. § 14-9-902.1(i)*      ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)      ☐ O.C.G.A. § 14-9-906      ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)      ☐ Other: O.C.G.A._____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: Michael Gonnelley

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   3016 NW 20th Avenue

   Cape Coral, Florida 33993

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:    Trisha Starks

   Address:    1275 Shiloh Rd NW Suite 2710

   Kennesaw, GA 30152

   Email:    trisha@starksbyron.com

Form SOP-1
(Rev. 6/2018)

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No: __2023CV01206__ |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC., and GLASS AMERICA | ) | |
| MIDWEST, LLC | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

## AFFIDAVIT OF COMPLIANCE

COMES NOW Trisha Starks, who, being first duly sworn, states under oath as follows:

1.

I am an adult over the age of twenty-one without disabilities that would prevent me from giving the testimony in this Affidavit.

2.

I am an attorney licensed to practice in the state of Georgia.

3.

I have complied with O.C.G.A § 40-12-2 by serving Brad Raffensperger of the office of the Georgia Secretary of State, with a copy of the summons and complaint.

4.

Defendant Michael Gonnelley is a non-resident of this state who may be served at 3016 NW 20th Avenue, Cape Coral, Florida 33993. I have mailed to his home via statutory overnight delivery a copy of the complaint and other pleadings with summons attached.

5.

Defendant Michael Gonnelley received a copy of the Summons, Complaint, Amended Complaint and Second Amended Complaint on July 28, 2023. (See Proof of Delivery, "Exhibit A").

6.

The facts set forth in this affidavit are known to me to be true of my own personal knowledge.

7.

A false statement concerning the facts contained in this affidavit may subject the person making the false statement to criminal penalties as provided by law.

This 28th day of July 2023.

Trisha Starks

Sworn to and Subscribed
before me this **28** day
of **July** , 2023.

NOTARY PUBLIC

**Cobb** County, Georgia

**FedEx.**

July 28, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 781670819451

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | M.ICHAEL | **Delivery Location:** | 3016 NW 20TH AVE |
| **Service type:** | FedEx First Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Direct Signature Required | | CAPE CORAL, FL, 33993 |
| | | **Delivery date:** | Jul 28, 2023 14:41 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 781670819451 | **Ship Date:** | Jul 26, 2023 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Michael Gonnelley,
3016 NW 20TH AVE
CAPE CORAL, FL, US, 33993

**Shipper:**
STARKS BYRON PC
1275 SHILOH RD NW STE 2710
KENNESAW, GA, US, 30144



Thank you for choosing FedEx

2023CV01206
2023CV01206

e-Filed 7/25/2023 3:13 PM

*Tiki Brown*

**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Nancy Jordan and Michael Jordan

Plaintiff

Vs.

Michael Gonnelley

The Boyd Group US, Inc.

and Glass America Midwest, LLC

Defendant

2023CV01206

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

e-Filed 7/25/2023 3:13 PM

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No: **2023CV01206** |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC., and GLASS AMERICA | ) | |
| MIDWEST, LLC | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

### SECOND AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make

and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc.

(hereinafter "Defendant Boyd Group"), and Glass America Midwest, LLC (hereinafter

"Defendant Glass America" as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the

jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida,

33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group is a for-profit corporation incorporated under the laws of

Delaware and may be served through its registered agent Corporation Trust Company at

Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Defendant Glass America is a for-profit corporation incorporated under the laws of

Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver

Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction

of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

7.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South

on I-75, directly behind Plaintiff Nancy Jordan.

8.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of

Defendant Boyd Group and/or Defendant Glass America.

9.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant

Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

10.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

14.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Boyd Group and/or Defendant Glass America.

17.

Defendant Boyd Group and/or Defendant Glass America are responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Boyd Group and/or Defendant Glass America were negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

20.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly train Defendant Michael Gonnelley.

21.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly supervise Defendant Michael Gonnelley.

22.

Defendant Boyd Group and/or Defendant Glass America's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing

to train and supervise him properly were the sole and proximate cause of the collision, and

Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

23.

Plaintiffs incorporate by reference paragraphs 1 through 22 above as if fully restated.

24.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine (29) years and are still married as of present date.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

27.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff

Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries

and pain and suffering.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical

expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work

and has a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of

consortium, loss of companionship and loss of spousal support.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 25th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

e-Filed 7/13/2023 2:22 PM

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action File No: __2023CV01206__ |
| v. ) | |
| ) | |
| MICHAEL GONNELLEY and THE BOYD ) | |
| GROUP US, INC. ) | |
| ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.  That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiffs recover such other and further relief as is just and proper; and

e.  That all issues be tried before a jury.

This 13th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

e-Filed 5/17/2023 11:01 AM

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

NANCY JORDAN and MICHAEL JORDAN )
                                  )
         Plaintiffs,              )                       2023CV01206
                                    )   Civil Action File No: _____
v.                                    )
                                    )
MICHAEL GONNELLEY and GLASS )
AMERICA, LLC,                      )
                                    )
        Defendants.           )   **DEMAND FOR JURY TRIAL**

## COMPLAINT

    COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and Glass America, LLC, as follows:

### PARTIES AND JURISDICTION

1.

    Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

    Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

    Glass America, LLC is a corporation existing under the laws of Illinois with its principal place of business in Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

4.

    Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75 in Clayton County, Georgia.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75 in Clayton County, Georgia, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Glass America, LLC.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

### NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Glass America, LLC.

16.

Defendant Glass America, LLC is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Glass America, LLC was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Glass America, LLC was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Glass America, LLC was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Glass America, LLC's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

32.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;
c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
d. That Plaintiffs recover such other and further relief as is just and proper; and
e. That all issues be tried before a jury.

This __ day of May, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

2023CV01206    eFiled 8/10/2023 9:44 AM

Control Number : SOP-23169156
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Michael Gonnelley**

have been filed with the Secretary of State on 07/31/2023 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Nancy Jordan and Michael Jordan v. Michael Gonnelley
Court: State Court of Clayton County
Civil Action No.: 2023CV01206

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 08/08/2023.



Brad Raffensperger
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

23 JUL 31 AM 11: 42

# SERVICE OF PROCESS, NOTICE, OR DEMAND
# ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding: Nancy Jordan and Michael Jordan v. Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, LLC

   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

   Civil Action No./File No.:  2023CV01206

   Court:  State Court of Clayton County

   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*          ☐ O.C.G.A. § 14-8-46(i)*          ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)          ☐ O.C.G.A. § 14-8-50(c)          ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)          ☐ O.C.G.A. § 14-8-52(d)          ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)          ☐ O.C.G.A. § 14-9-104(g)*          ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)          ☐ O.C.G.A. § 14-9-902.1(i)*          ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)          ☐ O.C.G.A. § 14-9-906          ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)          ☐ Other: O.C.G.A._____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: Michael Gonnelley

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   3016 NW 20th Avenue

   Cape Coral, Florida 33993

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:  Trisha Starks

   Address:  1275 Shiloh Rd NW Suite 2710

   Kennesaw, GA 30152

   Email:  trisha@starksbyron.com

Form SOP-1
(Rev.6/2018)

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No: 2023CV01206 |
| v. | ) | |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC., and GLASS AMERICA | ) | |
| MIDWEST, LLC | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

## AFFIDAVIT OF COMPLIANCE

COMES NOW Trisha Starks, who, being first duly sworn, states under oath as follows:

1.

I am an adult over the age of twenty-one without disabilities that would prevent me from giving the testimony in this Affidavit.

2.

I am an attorney licensed to practice in the state of Georgia.

3.

I have complied with O.C.G.A § 40-12-2 by serving Brad Raffensperger of the office of the Georgia Secretary of State, with a copy of the summons and complaint.

4.

Defendant Michael Gonnelley is a non-resident of this state who may be served at 3016 NW 20th Avenue, Cape Coral, Florida 33993. I have mailed to his home via statutory overnight delivery a copy of the complaint and other pleadings with summons attached.

5.

Defendant Michael Gonnelley received a copy of the Summons, Complaint, Amended Complaint and Second Amended Complaint on July 28, 2023. (See Proof of Delivery, "Exhibit A").

6.

The facts set forth in this affidavit are known to me to be true of my own personal knowledge.

7.

A false statement concerning the facts contained in this affidavit may subject the person making the false statement to criminal penalties as provided by law.

This 28th day of July 2023.

_____
Trisha Starks

Sworn to and Subscribed
before me this 28 day
of July , 2023.

_____
NOTARY PUBLIC

Cobb County, Georgia

**FedEx.**

July 28, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 781670819451

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | M.ICHAEL | **Delivery Location:** | 3016 NW 20TH AVE |
| **Service type:** | FedEx First Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Direct Signature Required | | CAPE CORAL, FL, 33993 |
| | | **Delivery date:** | Jul 28, 2023 14:41 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 781670819451 | **Ship Date:** | Jul 26, 2023 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Michael Gonnelley,
3016 NW 20TH AVE
CAPE CORAL, FL, US, 33993

**Shipper:**
STARKS BYRON PC
1275 SHILOH RD NW STE 2710
KENNESAW, GA, US, 30144



Thank you for choosing FedEx

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Nancy Jordan and Michael Jordan

Plaintiff

Vs.

Michael Gonnelley

The Boyd Group US, Inc.

and Glass America Midwest, LLC

Defendant

2023CV01206

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

Starks Byron, P.C.
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

e-Filed 7/25/2023 3:13 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
Clayton County, Georgia
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action File No: 2023CV01206** |
| v. ) | |
| ) | |
| MICHAEL GONNELLEY, THE BOYD ) | |
| GROUP US, INC., and GLASS AMERICA ) | |
| MIDWEST, LLC ) | |
| **Defendants.** ) | **DEMAND FOR JURY TRIAL** |

---

### SECOND AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make

and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc.

(hereinafter "Defendant Boyd Group"), and Glass America Midwest, LLC (hereinafter

"Defendant Glass America" as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the

jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida,

33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Defendant Glass America is a for-profit corporation incorporated under the laws of Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

6.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

7.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

8.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group and/or Defendant Glass America.

9.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

10.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT I

### NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

14.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

### IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Boyd Group and/or Defendant Glass America.

17.

Defendant Boyd Group and/or Defendant Glass America are responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Boyd Group and/or Defendant Glass America were negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

20.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly train Defendant Michael Gonnelley.

21.

Defendant Boyd Group and/or Defendant Glass America were negligent in failing to properly supervise Defendant Michael Gonnelley.

22.

Defendant Boyd Group and/or Defendant Glass America's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing

to train and supervise him properly were the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

### 23.

Plaintiffs incorporate by reference paragraphs 1 through 22 above as if fully restated.

### 24.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine (29) years and are still married as of present date.

### 25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

### 26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

### 27.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

32.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

33.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a.  That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.  That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  That Plaintiffs recover such other and further relief as is just and proper; and

e.  That all issues be tried before a jury.

This 25th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

2023CV01206

e-Filed 7/13/2023 2:22 PM

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ashley Murphy

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN )| |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action File No: **2023CV01206** |
| v. ) | |
| ) | |
| MICHAEL GONNELLEY and THE BOYD ) | |
| GROUP US, INC. ) | |
| ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and The Boyd Group US, Inc. (hereinafter "Defendant Boyd Group, Inc.), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Defendant Boyd Group, Inc. is a for-profit corporation incorporated under the laws of Delaware and may be served through its registered agent Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, Delaware 19801.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Defendant Boyd Group, Inc.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with The Boyd Group US, Inc.

16.

Defendant Boyd Group, Inc. is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Boyd Group, Inc. was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Boyd Group, Inc. was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Boyd Group, Inc. was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Boyd Group, Inc.'s negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV

## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

33.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

34.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

   a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 13th day of July, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

/s/ Trisha Starks-Byron
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

e-Filed 5/17/2023 11:01 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

# IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

NANCY JORDAN and MICHAEL JORDAN )
)
           Plaintiffs, )
)
                        )
)
v. )
)
MICHAEL GONNELLEY and GLASS )
AMERICA, LLC, )
)
           Defendants. )

2023CV01206

Civil Action File No: _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

COMES NOW Nancy Jordan and Michael Jordan, (hereinafter "Plaintiffs"), and make and file this complaint against Defendants Michael Gonnelley and Glass America, LLC, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs reside at 649 Penstock Path, Hampton, GA 30228, and are subject to the jurisdiction of this court.

2.

Defendant Michael Gonnelley resides at 3016 NW 20th Avenue, Cape Coral, Florida, 33993 and may be served with a copy of the summons and complaint at this address.

3.

Glass America, LLC is a corporation existing under the laws of Illinois with its principal place of business in Illinois and may be served through its registered agent CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia, Gwinnett County 30046-4805, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

### BACKGROUND

5.

On or about July 23, 2021, Plaintiff Nancy Jordan was driving her vehicle South on I-75 in Clayton County, Georgia.

6.

At or about the same time Defendant Michael Gonnelley was also driving a vehicle South on I-75 in Clayton County, Georgia, directly behind Plaintiff Nancy Jordan.

7.

On this date, Defendant Michael Gonnelley was operating a vehicle on the behalf of Glass America, LLC.

8.

Plaintiff Nancy Jordan slowed her vehicle due to traffic ahead. Subsequently, Defendant Michael Gonnelley failed to stop, striking Plaintiff Nancy Jordan in the rear.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

## COUNT 1

## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Michael Gonnelley was negligent in the following manner: (a) following too closely to Plaintiff Nancy Jordan's vehicle.

12.

Defendant Michael Gonnelley was negligent in failing to maintain a proper lookout for Plaintiff Nancy Jordan's vehicle and colliding with Plaintiff Nancy Jordan's vehicle.

13.

Defendant Michael Gonnelley's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II

## IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Michael Gonnelley was acting within the scope of his employment with Defendant Glass America, LLC.

16.

Defendant Glass America, LLC is responsible for Defendant Michael Gonnelley's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant Glass America, LLC was negligent in hiring Defendant Michael Gonnelley and entrusting him to drive a commercial vehicle

19.

Defendant Glass America, LLC was negligent in failing to properly train Defendant Michael Gonnelley.

20.

Defendant Glass America, LLC was negligent in failing to properly supervise Defendant Michael Gonnelley.

21.

Defendant Glass America, LLC's negligence in hiring Defendant Michael Gonnelley and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiffs' resulting injuries.

## COUNT IV
## LOSS OF CONSORTIUM – PLAINTIFF MICHAEL JORDAN

22.

Plaintiffs incorporate by reference paragraphs 1 through 21 above as if fully restated.

23.

At the time of the collision, Plaintiffs Nany Jordan and Michael Jordan had been married for twenty-nine and are still married as of present date.

24.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiffs have had their marital relationship interfered with, and Plaintiff Michael Jordan has suffered a loss of companionship and affection with his wife.

25.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has had to take care of his wife, and their marital relationship has suffered.

26.

As a result of the injuries suffered by Plaintiff Nancy Jordan in the collision, Plaintiff Michael Jordan has a claim for loss of consortium with his wife, Plaintiff Nancy Jordan.

## COUNT V

## DAMAGES

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

As a result of Defendants' negligence, Plaintiff Nancy Jordan suffered multiple injuries and pain and suffering.

29.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has incurred past medical expenses and will continue to incur future medical expenses.

30.

As a result of Defendants' negligence, Plaintiff Nancy Jordan has been unable to work and has a claim for past and future lost wages.

31.

As a result of Defendants' negligence, Plaintiff Michael Jordan has suffered loss of consortium, loss of companionship and loss of spousal support.

32.

Defendants' negligence is the sole and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

a. That Plaintiffs recovery the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;
c. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
d. That Plaintiffs recover such other and further relief as is just and proper; and
e. That all issues be tried before a jury.

This __ day of May, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Phone: 404-795-5115
Fax: 404-994-1220
E-mail: trisha@starksbyron.com

Filed 8/21/2023 3:12 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**NANCY & MICHAEL JORDAN,**      }
                                }
    **Plaintiffs,**          }
                                }      **CIVIL ACTION FILE NO.**
**vs.**                         }      **2023CV01206**
                                }
**MICHAEL GONNELLEY, THE BODY**  }
**GROUP US, INC. and GLASS**      }
**AMERICA MIDWEST, LLC**          }
                                }
    **Defendants.**         }

## NOTICE OF ENTRY OF APPEARANCE OF TITUS T. NICHOLS

COMES NOW, Titus T. Nichols of Nichols Injury Law, P.C., and notifies the Court that

he is entering an appearance as co-counsel on behalf of Plaintiffs **NANCY & MICHAEL**

**JORDAN,** in the above-captioned proceeding. All further notices regarding this proceeding should

be directed to the following address:

Titus T. Nichols, Esq.
**NICHOLS INJURY LAW, P.C.**
1000 Whitlock Ave.
Suite 320
Marietta, Georgia 30064

Respectfully submitted this 21st day of August, 2023

/s/ Titus T. Nichols
Titus T. Nichols
Georgia State Bar No. 870662

**NICHOLS INJURY LAW, P.C.**
1000 Whitlock Ave.
Suite 320
Marietta, Georgia 30064
678-722-5311 (ph)
470-632-4446 (fax)
Titus@nicholsinjury.com

COUNSEL FOR PLAINTIFFS

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **NANCY & MICHAEL JORDAN,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | **CIVIL ACTION FILE NO.** |
| **vs.** | } | **2023CV01206** |
| | } | |
| **MICHAEL GONNELLEY, THE BODY** | } | |
| **GROUP US, INC. and GLASS** | } | |
| **AMERICA MIDWEST, LLC** | } | |
| | } | |
| **Defendants.** | } | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Notice of Entry of Appearance of Titus T. Nichols** by depositing a copy of the same via electronic filing, addressed as follows:

> Trisha Starks-Byron, Esq.
> STARKS BYRON, P.C.
> 1275 Shiloh Road
> Suite 2710
> Kennesaw, Georgia 30144
> 404-795-5115 (ph)
> 404-994-1220 (fax)
> trisha@starksbyron.com

Respectfully submitted this 21st day of August 2023

> /s/ Titus T. Nichols
> Titus T. Nichols
> Georgia State Bar No. 870662

**NICHOLS INJURY LAW, P.C.**
1000 Whitlock Ave.
Suite 320
Marietta, Georgia 30064
678-722-5311 (ph)
470-632-4446 (fax)
Titus@nicholsinjury.com
COUNSEL FOR PLAINTIFFS

2023CV01206    E-Filed 9/19/2023 4:03 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MICHAEL GONNELLEY, THE BOYD GROUP US, INC., and GLASS AMERICA MIDWEST, LLC | ) ) ) ) |
| Defendants. | ) ) |

**Civil Action File No.**
**2023CV01206**

**CONSENT MOTION TO EXTEND TIME FOR DEFENDANTS TO ANSWER**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

COME NOW Defendants, Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, LLC ("Defendants"), and Plaintiffs, Nancy Jordan and Michael Jordan ("Plaintiffs") (collectively the "Parties"), and file this Consent Motion To Extend Time for Defendants to Answer Plaintiffs' Second Amended Complaint  In support of this Motion, the Parties show as follows:

1. On or about July 26, 2023, Defense counsel corresponded with Plaintiff's counsel to discuss perfecting serve on the Defendants and determining which Defendants were properly in the case.

2. On about August 11, 2023, the Parties agreed to a stipulation to extend the time for all Defendants to file Answers on the condition that Defendants would accept service and waive all service defenses.

3. Defendants agreed to the above terms; however, informed Plaintiff's counsel that The Boyd Group was an improper party and respectfully requested that it be dismissed without prejudice.

4. Over the next month, the Parties' counsel continued to work together and discussed

1

dismissing The Boyd Group and signing an acknowledgement of service for the Defendants and extending the time for the Defendants to file Answers and respond to Discovery.

5.  During the course of these discussions, Plaintiffs' filed Affidavits of Service on August 10, 2023 for Michael Gonnelley and August 22, 2023 for Glass America Midwest, LLC. As a result, the Parties inadvertently allowed the time for Defendant Michael Gonnelley to file an Answer or other responsive pleadings prior to filing the agreed upon acknowledgment of service.

6.  The Parties had a prior agreement to acknowledge service on behalf of all Defendants; whereby, Defendants would waive all service defenses. In addition, the Parties had a prior agreement to file a consent motion dismissing fewer than all the parties as to The Boyd Group US, Inc only. Finally, the Parties have agreed that the Defendants would have forty-five (45) days from the date of the filed acknowledgment to file their Answers.

7.  The Parties seek a court order allowing the Parties to proceed with their prior agreements and to allow the Defendants additional time to respond to Plaintiffs' Second Amended Complaint.

WHEREFORE, the Parties respectfully move this Court to grant the Consent Motion to Extend Time for Defendants To Answer Plaintiffs' Second Amended Complaint until forty-five (45) days after an Acknowledgment of Service has been filed. For the Court's convenience, a proposed order is attached.

Respectfully submitted this 19th day of September 2023.

[Signatures on the next page]

2

*Prepared by:*

*/s/ Kindu A. Walker*
Kindu A. Walker
Georgia Bar No. 732284

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Ofc: 770-628-7113
walkerk@litchfieldcavo.com

*Counsel for Defendants*

**Consented to by::**

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron
Georgia Bar No. 128293

**STARKS BYRON, P.C.**
1275 Shiloh Road, Suite 2710
Kennesaw, Georgia 30144
Ofc: 404-795-51145
trisha@starksbyron.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **CONSENT**

**MOTION TO EXTEND TIME FOR DEFENDANTS TO ANSWER PLAINTIFFS'**

**SECOND AMENDED COMPLAINT** using the Odyssey efile system, which will

automatically send notification of filing to counsel of record:

> Trisha Starks-Byron
> **STARKS BYRON, P.C.**
> 1275 Shiloh Road, Suite 2710
> Kennesaw, Georgia 30144
> trisha@starksbyron.com
>
> *Counsel for Plaintiffs*

This 19th day of September 2023.

> */s/ Kindu A. Walker*
> KINDU A. WALKER
> Georgia Bar No. 732284
>
> **LITCHFIELD CAVO LLP**
> 2100 Riveredge Parkway, Suite 1200
> Atlanta, GA 30328
> Phone: (770) 628-7111
> Direct: (770) 628-7113
> walkerk@litchfieldcavo.com

**IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) ) ) | |
| Plaintiffs, | ) ) | **Civil Action File No.** |
| v. | ) ) | **2023CV01206** |
| MICHAEL GONNELLEY, THE BOYD GROUP US, INC., and GLASS AMERICA MIDWEST, LLC | ) ) ) ) ) | |
| Defendants. | ) | |

## (PROPOSED) ORDER

The Parties to the above-styled action having jointly moved this Court for an Order to extend the time for Defendants Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, Inc. to file Answers or responsive pleadings forty-five (45) days from the date the Parties file an Acknowledgment of Service, and it having been considered by the Court, for good cause shown it is hereby ORDERED that an Acknowledgement of Service on behalf of all Defendants with a waiver of all service defenses shall be filed within ten (10) day of the filing of this Order. IT IS FURTHER ORDERED that the Defendants Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, Inc. shall have forty-five (45) days from the date the Parties file the Acknowledgment of Service to file Answers or responsive pleadings in this action.

This _____ day of September, 2023.

_____
HONORABLE TAMMI L. HAYWARD, JUDGE
STATE COURT OF CLAYTON COUNTY

*Prepared by:*

*/s/ Kindu A. Walker*
Kindu A. Walker
Georgia Bar No. 732284

LITCHFIELD CAVO LLP
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
walkerk@litchfieldcavo.com

*Counsel for Defendants*

Filed 9/22/2023 8:57 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action File No. ) 2023CV01206 ) |
| MICHAEL GONNELLEY, THE BOYD GROUP US, INC., and GLASS AMERICA MIDWEST, LLC | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT GLASS AMERICA MIDWEST, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW, Defendant Glass America Midwest, LLC ("Defendant"), by and through its undersigned attorney and files its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("Complaint") and shows the Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

Defendant denies that it was negligent in any of the matters complained of by Plaintiffs in the Complaint, and further denies that the Plaintiffs are entitled to recover any sum of money from it as a matter of law.

**THIRD DEFENSE**

Defendant cannot be held liable because the damages of which Plaintiffs complain were entirely unforeseeable.

2023CV01206

## FOURTH DEFENSE

Defendant shows that even if it was negligent to the extent required by law in order to impose liability upon him, which is specifically denied, then Plaintiffs were negligent to an equal or greater degree, and, therefore, Plaintiffs are not entitled to recover of this Defendant in any amount whatsoever.

## FIFTH DEFENSE

Defendant shows that, at all times relevant to this litigation, Defendant Gonnelley exercised the requisite degree of legal care in connection with the use and operation of his motor vehicle, and therefore Plaintiffs are not entitled to recover of this defendant in any amount whatsoever.

## SIXTH DEFENSE

To the extent that Plaintiffs have received medical payments or other payments under any coverage to the Plaintiffs, Defendant claims the right of set-off, payment, credit or a reduction from any judgment to prevent duplication of benefits and an unwarranted double recovery.

## SEVENTH DEFENSE

Defendant states that the Plaintiffs have failed to mitigate damages and, therefore, any award should be reduced accordingly.

## EIGHTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiffs' outcome was the direct result of pre-existing medical conditions, subsequent medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Defendant had and continues to have no control and for which Defendant is not responsible. Furthermore, Defendant is entitled to a setoff to the extent of any

settlements paid to Plaintiffs for the same injuries or conditions that resulted from prior or subsequent lawsuits or accidents.

## NINTH DEFENSE

Plaintiffs' alleged damages, if any, may have been directly and proximately caused by their own contributory and/or comparative negligence, assumption of risk, and failure to exercise ordinary care. To the extent that Plaintiffs may recover for injury or damages, any recovery must be reduced in proportion to its own negligence or barred.

## TENTH DEFENSE

The injuries, losses, damages, or occurrences alleged in Plaintiffs' Complaint were the result of an independent and intervening cause or causes over which Defendant had no control and in which Defendant did not participate in any way.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole in part, because Defendant's activities were in accordance with the applicable standards of care under all state laws and regulations, and activities by Defendant in accordance with such standards of care were reasonable as a matter of law.

## TWELFTH DEFENSE

Defendant specifically pleads and preserves its claims for apportionment, contribution and/or indemnity from any unnamed tortfeasors or third parties who in any way contributed to the alleged injuries by way of act or omission.

## THIRTEENTH DEFENSE

Defendant denies any allegations not specifically and expressly admitted herein.

**FOURTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which punitive damages, attorneys' fees, and costs/expenses of litigation may be assessed against Defendant.

**FIFTEENTH DEFENSE**

Plaintiffs' claim for punitive or exemplary damages is barred in whole or in part under the United States Constitution. A judgment awarding punitive or exemplary damages in this action would contravene Defendant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**SIXTEENTH DEFENSE**

Any judgment awarding punitive or exemplary damages against Defendant is barred to the extent that it is inconsistent with the standards and limitations set forth in, among other cases, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Defendant specifically incorporates by reference any and all standards or limitations regarding the determination, excessiveness and/or enforceability of punitive or exemplary damages awards as announced in those cases and any others under Georgia or federal law.

**SEVENTEETH DEFENSE**

Jury instructions under Georgia statutory law are unconstitutional to the extent they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or interveners or to non-parties; and (6) fail to instruct that each element supporting an award of punitive damages must be beyond a reasonable doubt.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert any and all additional affirmative defenses, pursuant to O.C.G.A. § 9-11-8(c), that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

## NINETEENTH DEFENSE

Defendant responds as follows to the individually numbered paragraphs of the Plaintiffs' Complaint:

## ALLEGATIONS OF PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, these allegations stand denied.

### 2.

Admitted.

### 3.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, these allegations stand denied.

4.

Defendant denies that jurisdiction is proper in this Court. Defendant admits the remaining

allegations contained in Paragraph 4 of the Complaint.

5.

Denied as to this Defendant only

**ALLEGATIONS OF BACKGROUND**

6.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 6 and, therefore, these allegations stand denied.

7.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 7 and, therefore, these allegations stand denied.

8.

Denied as stated.

9.

Denied.

10.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 10 and, therefore, these allegations stand denied.

**COUNT I**
**ALLEGATIONS OF NEGLIGENCE**

11.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs'

Complaint as if fully stated herein.

12.

Denied.

13.

Denied.

14.

Denied.

## COUNT II
## ALLEGATIONS OF IMPUTED LIABILITY

15.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

16.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

17.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

## COUNT III
## ALLEGATIONS OF NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

2023CV01206

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

## COUNT IV
## ALLEGATIONS OF LOSS OF CONSORTIUM-
## PLAINTIFF MICHAEL JORDAN

23.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs'

Complaint as if fully stated herein.

24.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 24 and, therefore, these allegations stand denied.

25.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 25 and, therefore, these allegations stand denied.

26.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 26 and, therefore, these allegations stand denied.

2023CV01206

27.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, these allegations stand denied.

## COUNT V
## ALLEGATIONS OF DAMAGES

28.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

Defendant further denies the allegations contained in the WHEREFORE clause, including sub-parts (a) through (e).

**WHEREFORE**, having fully responded to Plaintiffs' Complaint, Defendant demands judgment in its favor with costs against the appropriate parties, dismissal of Plaintiffs' Complaint in its entirety with prejudice, try all applicable issues before a jury of twelve (12) persons, and for such other and further relief as this Court deems must and proper.

This 21st day of September, 2023.

Respectfully submitted,

*/s/ Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No. 732284
MITCHELL VACHON
Georgia Bar No. 188397

**LITCHFIELD CAVO LLP**
2100 Parkwood Circle SE, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com
vachon@litchfieldcavo.com
*Counsel for Defendant Glass America Midwest, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing **DEFENDANT GLASS AMERICA MIDWEST, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** using the Odyssey efile system, which will automatically send notification of filing to counsel of record:

Trisha Starks-Byron
**STARKS BYRON, P.C.**
1275 Shiloh Road, Suite 2710
Kennesaw, Georgia 30144
<u>trisha@starksbyron.com</u>
*Counsel for Plaintiffs*

This 21ˢᵗ day of September 2023.

<u>/s/ Kindu A. Walker</u>
KINDU A. WALKER
Georgia Bar No. 732284

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Direct: (770) 628-7113
walkerk@litchfieldcavo.com
*Counsel for Defendant Glass America Midwest, LLC.*

Filed 9/22/2023 9:01 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

NANCY JORDAN and MICHAEL          )
JORDAN                            )
                                  )
    Plaintiffs,                   )
                                  )          Civil Action File No.
v.                                )          2023CV01206
                                  )
MICHAEL GONNELLEY, THE BOYD       )
GROUP US, INC., and GLASS AMERICA )
MIDWEST, LLC                      )
                                  )
    Defendants.                   )

## DEFENDANT MICHAEL GONNELLEY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Michael Gonnelley ("Defendant"), by and through his undersigned attorney and files his Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("Complaint") and shows the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant denies that he was negligent in any of the matters complained of by Plaintiffs in the Complaint, and further denies that the Plaintiffs are entitled to recover any sum of money from him as a matter of law.

### THIRD DEFENSE

Defendant cannot be held liable because the damages of which Plaintiffs complain were entirely unforeseeable.

2023CV01206

## FOURTH DEFENSE

Defendant shows that even if he were negligent to the extent required by law in order to impose liability upon him, which is specifically denied, then Plaintiffs were negligent to an equal or greater degree, and, therefore, Plaintiffs are not entitled to recover of this Defendant in any amount whatsoever.

## FIFTH DEFENSE

Defendant shows that, at all times relevant to this litigation, he exercised the requisite degree of legal care in connection with the use and operation of his motor vehicle, and therefore Plaintiffs are not entitled to recover of this defendant in any amount whatsoever.

## SIXTH DEFENSE

To the extent that Plaintiffs have received medical payments or other payments under any coverage to the Plaintiffs, Defendant claims the right of set-off, payment, credit or a reduction from any judgment to prevent duplication of benefits and an unwarranted double recovery.

## SEVENTH DEFENSE

Defendant states that the Plaintiffs have failed to mitigate damages and, therefore, any award should be reduced accordingly.

## EIGHTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiffs' outcome was the direct result of pre-existing medical conditions, subsequent medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Defendant had and continues to have no control and for which Defendant is not responsible. Furthermore, Defendant is entitled to a setoff to the extent of any

settlements paid to Plaintiffs for the same injuries or conditions that resulted from prior or subsequent lawsuits or accidents.

## NINTH DEFENSE

Plaintiffs' alleged damages, if any, may have been directly and proximately caused by their own contributory and/or comparative negligence, assumption of risk, and failure to exercise ordinary care. To the extent that Plaintiffs may recover for injury or damages, any recovery must be reduced in proportion to their own negligence or barred.

## TENTH DEFENSE

The injuries, losses, damages, or occurrences alleged in Plaintiffs' Complaint were the result of an independent and intervening cause or causes over which Defendant had no control and in which Defendant did not participate in any way.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole in part, because Defendant's activities were in accordance with the applicable standards of care under all state laws and regulations, and activities by Defendant in accordance with such standards of care were reasonable as a matter of law.

## TWELFTH DEFENSE

Defendant specifically pleads and preserves his claims for apportionment, contribution and/or indemnity from any unnamed tortfeasors or third parties who in any way contributed to the alleged injuries by way of act or omission.

## THIRTEENTH DEFENSE

Defendant denies any allegations not specifically and expressly admitted herein.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which punitive damages, attorneys' fees, and costs/expenses of litigation may be assessed against Defendant.

## FIFTEENTH DEFENSE

Plaintiffs' claim for punitive or exemplary damages is barred in whole or in part under the United States Constitution. A judgment awarding punitive or exemplary damages in this action would contravene Defendant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

Any judgment awarding punitive or exemplary damages against Defendant is barred to the extent that it is inconsistent with the standards and limitations set forth in, among other cases, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Defendant specifically incorporates by reference any and all standards or limitations regarding the determination, excessiveness and/or enforceability of punitive or exemplary damages awards as announced in those cases and any others under Georgia or federal law.

## SEVENTEETH DEFENSE

Jury instructions under Georgia statutory law are unconstitutional to the extent they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or interveners or to non-parties; and (6) fail to instruct that each element supporting an award of punitive damages must be beyond a reasonable doubt.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert any and all additional affirmative defenses, pursuant to O.C.G.A. § 9-11-8(c), that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

## NINETEENTH DEFENSE

Defendant responds as follows to the individually numbered paragraphs of the Plaintiffs' Complaint:

## ALLEGATIONS OF PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, these allegations stand denied.

### 2.

Admitted.

### 3.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, these allegations stand denied.

4.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, these allegations stand denied.

5.

Denied as to this Defendant only

**ALLEGATIONS OF BACKGROUND**

6.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, these allegations stand denied.

7.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, these allegations stand denied.

8.

Denied as stated.

9.

Denied.

10.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, these allegations stand denied.

**COUNT I**
**ALLEGATIONS OF NEGLIGENCE**

11.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

2023CV01206

12.

Denied.

13.

Denied.

14.

Denied.

## COUNT II
## ALLEGATIONS OF IMPUTED LIABILITY

15.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

16.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

17.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

## COUNT III
## ALLEGATIONS OF NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

## COUNT IV
## ALLEGATIONS OF LOSS OF CONSORTIUM-
## PLAINTIFF MICHAEL JORDAN

23.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs'

Complaint as if fully stated herein.

24.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 24 and, therefore, these allegations stand denied.

25.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 25 and, therefore, these allegations stand denied.

26.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 26 and, therefore, these allegations stand denied.

27.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, these allegations stand denied.

## COUNT V
## ALLEGATIONS OF DAMAGES

28.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

Defendant further denies the allegations contained in the WHEREFORE clause, including sub-parts (a) through (e).

**WHEREFORE**, having fully responded to Plaintiffs' Complaint, Defendant demands judgment in its favor with costs against the appropriate parties, dismissal of Plaintiffs' Complaint in its entirety with prejudice, try all applicable issues before a jury of twelve (12) persons, and for such other and further relief as this Court deems must and proper.

This 21st day of September, 2023.

                                             Respectfully submitted,


                                             */s/ Kindu A. Walker*
                                             KINDU A. WALKER
                                             Georgia Bar No. 732284
                                             MITCHELL VACHON
                                             Georgia Bar No. 188397

**LITCHFIELD CAVO LLP**
2100 Parkwood Circle SE, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com
vachon@litchfieldcavo.com
*Counsel for Michael Gonnelley*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **DEFENDANT MICHAEL GONNELLEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the Odyssey efile system, which will automatically send notification of filing to counsel of record:

> Trisha Starks-Byron
> **STARKS BYRON, P.C.**
> 1275 Shiloh Road, Suite 2710
> Kennesaw, Georgia 30144
> trisha@starksbyron.com
> *Counsel for Plaintiffs*

This 21st day of September 2023.

> */s/ Kindu A. Walker*
> KINDU A. WALKER
> Georgia Bar No. 732284
>
> **LITCHFIELD CAVO LLP**
> 2100 Riveredge Parkway, Suite 1200
> Atlanta, GA 30328
> Phone: (770) 628-7111
> Direct: (770) 628-7113
> walkerk@litchfieldcavo.com
> *Counsel for Michael Gonnelley*

2023CV01206     E-Filed 9/22/2023 9:04 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and MICHAEL JORDAN | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 2023CV01206 |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD GROUP US, INC., and GLASS AMERICA MIDWEST, LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT THE BOYD GROUP US, INC.'S
SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW, Defendant The Boyd Group US, Inc. ("Defendant"), by and through its undersigned attorney and by special appearance and without submitting to the jurisdiction and venue of this Honorable Court, and solely to protect its interests files its Special Appearance, Answer, and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("Complaint") and shows the Court the following:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted as Defendant is not the employer of Defendant Michael Gonnelley or owner of the subject vehicle he was driving at the time of the subject incident.

**SECOND DEFENSE**

Defendant denies that it was negligent in any of the matters complained of by Plaintiffs in the Complaint, and further denies that the Plaintiffs are entitled to recover any sum of money from it as a matter of law.

**THIRD DEFENSE**

Defendant cannot be held liable because the damages of which Plaintiffs complain were entirely unforeseeable.

**FOURTH DEFENSE**

Defendant shows that even if it was negligent to the extent required by law in order to impose liability upon him, which is specifically denied, then Plaintiffs were negligent to an equal or greater degree, and, therefore, Plaintiffs are not entitled to recover of this Defendant in any amount whatsoever.

**FIFTH DEFENSE**

Defendant shows that, at all times relevant to this litigation, Defendant Gonnelley exercised the requisite degree of legal care in connection with the use and operation of his motor vehicle, and therefore Plaintiffs are not entitled to recover of this defendant in any amount whatsoever.

**SIXTH DEFENSE**

To the extent that Plaintiffs have received medical payments or other payments under any coverage to the Plaintiffs, Defendant claims the right of set-off, payment, credit or a reduction from any judgment to prevent duplication of benefits and an unwarranted double recovery.

**SEVENTH DEFENSE**

Defendant states that the Plaintiffs have failed to mitigate damages and, therefore, any award should be reduced accordingly.

**EIGHTH DEFENSE**

Plaintiffs' causes of action are barred, in whole or in part, to the extent discovery or investigation reveals that Plaintiffs' outcome was the direct result of pre-existing medical conditions, subsequent medical conditions, and/or occurred by operation of nature or as a result of

circumstances over which Defendant had and continues to have no control and for which Defendant is not responsible. Furthermore, Defendant is entitled to a setoff to the extent of any settlements paid to Plaintiffs for the same injuries or conditions that resulted from prior or subsequent lawsuits or accidents.

## NINTH DEFENSE

Plaintiffs' alleged damages, if any, may have been directly and proximately caused by their own contributory and/or comparative negligence, assumption of risk, and failure to exercise ordinary care. To the extent that Plaintiffs may recover for injury or damages, any recovery must be reduced in proportion to its own negligence or barred.

## TENTH DEFENSE

The injuries, losses, damages, or occurrences alleged in Plaintiffs' Complaint were the result of an independent and intervening cause or causes over which Defendant had no control and in which Defendant did not participate in any way.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole in part, because Defendant's activities were in accordance with the applicable standards of care under all state laws and regulations, and activities by Defendant in accordance with such standards of care were reasonable as a matter of law.

## TWELFTH DEFENSE

Defendant specifically pleads and preserves its claims for apportionment, contribution and/or indemnity from any unnamed tortfeasors or third parties who in any way contributed to the alleged injuries by way of act or omission.

## THIRTEENTH DEFENSE

Defendant denies any allegations not specifically and expressly admitted herein.

**FOURTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which punitive damages, attorneys' fees, and costs/expenses of litigation may be assessed against Defendant.

**FIFTEENTH DEFENSE**

Plaintiffs' claim for punitive or exemplary damages is barred in whole or in part under the United States Constitution. A judgment awarding punitive or exemplary damages in this action would contravene Defendant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

**SIXTEENTH DEFENSE**

Any judgment awarding punitive or exemplary damages against Defendant is barred to the extent that it is inconsistent with the standards and limitations set forth in, among other cases, *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Defendant specifically incorporates by reference any and all standards or limitations regarding the determination, excessiveness and/or enforceability of punitive or exemplary damages awards as announced in those cases and any others under Georgia or federal law.

**SEVENTEETH DEFENSE**

 Jury instructions under Georgia statutory law are unconstitutional to the extent they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or interveners or to non-parties; and (6) fail to instruct that each element supporting an award of punitive damages must be beyond a reasonable doubt.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert any and all additional affirmative defenses, pursuant to O.C.G.A. § 9-11-8(c), that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

## NINETEENTH DEFENSE

Defendant responds as follows to the individually numbered paragraphs of the Plaintiffs' Complaint:

## ALLEGATIONS OF PARTIES AND JURISDICTION

### 1.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and, therefore, these allegations stand denied.

### 2.

Admitted.

### 3.

Admitted. Defendant further admits that jurisdiction and venue is improper in this Court.

4.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, these allegations stand denied.

5.

Denied as to this Defendant only

**ALLEGATIONS OF BACKGROUND**

6.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, these allegations stand denied.

7.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, these allegations stand denied.

8.

Denied as to this Defendant only.

9.

Denied.

10.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, these allegations stand denied.

**COUNT I**
**ALLEGATIONS OF NEGLIGENCE**

11.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

12.

Denied.

13.

Denied.

14.

Denied.

## COUNT II
## ALLEGATIONS OF IMPUTED LIABILITY

15.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

16.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

17.

This Paragraph sets forth a legal conclusion that requires no response. Defendant denies any allegations of liability that may be set forth in this Paragraph. To the extent any other response is required, Defendant denies all allegations contained in this Paragraph.

## COUNT III
## ALLEGATIONS OF NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

2023CV01206

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

## COUNT IV
## ALLEGATIONS OF LOSS OF CONSORTIUM-
## PLAINTIFF MICHAEL JORDAN

23.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs'

Complaint as if fully stated herein.

24.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 24 and, therefore, these allegations stand denied.

25.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 25 and, therefore, these allegations stand denied.

26.

Defendant is without knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 26 and, therefore, these allegations stand denied.

27.

Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, these allegations stand denied.

## COUNT V
## ALLEGATIONS OF DAMAGES

28.

Defendant restates and incorporates his previous responses to all paragraphs of Plaintiffs' Complaint as if fully stated herein.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

Defendant further denies the allegations contained in the WHEREFORE clause, including sub-parts (a) through (e).

**WHEREFORE**, having fully responded to Plaintiffs' Complaint, Defendant demands judgment in its favor with costs against the appropriate parties, dismissal of Plaintiffs' Complaint in its entirety with prejudice, try all applicable issues before a jury of twelve (12) persons, and for such other and further relief as this Court deems must and proper.

This 21st day of September, 2023.

<div style="text-align: right">

Respectfully submitted,

*/s/ Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No. 732284
MITCHELL VACHON
Georgia Bar No. 188397

</div>

**LITCHFIELD CAVO LLP**
2100 Parkwood Circle SE, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com
vachon@litchfieldcavo.com
*Counsel for Defendant The Boyd Group US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing **DEFENDANT**

**THE BOYD GROUP US, INC.'S SPECIAL APPEARANCE ANSWER AND**

**AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

using the Odyssey efile system, which will automatically send notification of filing to counsel of

record:

> Trisha Starks-Byron
> **STARKS BYRON, P.C.**
> 1275 Shiloh Road, Suite 2710
> Kennesaw, Georgia 30144
> trisha@starksbyron.com
> *Counsel for Plaintiffs*

This 21ˢᵗ day of September 2023.

> */s/ Kindu A. Walker*
> KINDU A. WALKER
> Georgia Bar No. 732284
>
> **LITCHFIELD CAVO LLP**
> 2100 Riveredge Parkway, Suite 1200
> Atlanta, GA 30328
> Phone: (770) 628-7111
> Direct: (770) 628-7113
> walkerk@litchfieldcavo.com
> *Counsel for Defendant The Boyd Group US, Inc.*

2023CV01206    eFiled 11/15/2023 10:55 AM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**

Cornelia Ramsey

## NOTICE OF LEAVE OF ABSENCE

To:          All Judges, Clerk of Court, and Counsel of Record

From:        Kindu A. Walker

Re:          Notice of Leave of Absence

Date:        November 15, 2023

---

Comes now, Kindu A. Walker and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1. The periods of leave during which time Applicant will be away from the practice of law are as follows:

**November 20, 2023 through November 27, 2023**

**December 13, 2023 through December 27, 2023**

**December 29, 2023 through January 3, 2024**

All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

This 15th day of November, 2023.

LITCHFIELD CAVO LLP

*/s/ Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No.: 732284
walkerk@litchfieldcavo.com

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328
Telephone: (770) 628-7113
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing Notice of Leave of

Absence of Kindu A. Walker upon all judges, Clerks of Court, and opposing counsel by submitting

a true and correct copy of same to the clerk via U.S. Mail, and/or e-file via *Odyssey EFile GA* or

*PeachCourt*, which will automatically send notification of filing to counsel of record.

This 15th day of November, 2023.

/s/ *Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No. 732284
walkerk@litchfieldcavo.com

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328
Telephone: (770) 628-7113
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com

**EXHIBIT "A"**

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Priscilla Ray v. Mill Creek Residential Trust LLC, Mill Creek Residential Services, LLC, MCRT Southeast Construction, LLC, CPT Midtown Atlanta Development , LLC, Atlanta Commercial Millworks, Inc., Martin Dodson Homes, LLC, Tony L. Martin, Inc., Rasaan Larrier, John Does 1-5, and XYZ Company Nos. 1-5<br><br>State Court of Fulton County<br><br>Civil Action File No.: 19EV005187 | Hon. Fred C. Eady<br>State Court of Fulton County<br>185 Central Avenue, S.W.<br>Suite T3855<br>Atlanta, GA 30303<br><br><br>Clerk, State Court of Fulton County<br>185 Central Avenue, S.W.<br>Ground Floor – Suite TG-400<br>Atlanta, GA 30303 | Julie Oinonen-Williams, Esq.<br>Muna H. Claxton, Esq.<br>Williams Oinonen, LLC<br>3344 Peachtree Road NE, Suite 800<br>Atlanta, GA 30326-4807<br>julie@goodgeorgialawyer.com<br>muna@goodgeorgialawyer.com<br><br>Brian J. Miller, Esq.<br>3740 Davinci Court<br>Suite 460<br>Peachtree Corners, GA 30092<br>Brian_miller@staffdefense.com<br><br>Peter A. Durham, Esq.<br>Glover & Davis, P.A.<br>P. O. Box 1038<br>Newnan, GA 30264<br>pdurham@gloverdavis.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Allstate Insurance Company a/s/o Al Gulley v. The Home Depot, Inc. D/B/A The Home Depot Team; The Home Depot, Inc D/B/A, The Home Depot Team v. Moura & Utteich Delivery Services, LLC</u><br><br>State Court of Cobb County<br><br>Civil Action File No.: 22-A-396-1 | Hon. Allison B. Salter<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Building B, First Floor-Civil Division<br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Building B, First Floor-Civil Division | Ronald W. Parnell, Esq.<br>Silas M. Harrington, Jr., Esq.<br>P. O. Drawer 81085<br>Conyers, GA 30013<br>rwp@rwpsubro.com |
| <u>Liberty Mutual Insurance Co. a/s/o Cheryl Porter v. The Home Depot, Inc Forward Air, Inc., Spirit Logistics Network, Inc. and Moura & Utteich Delivery Services LLC</u><br><br>State Court of Cobb County<br><br>Civil Action File No. 20-A-2175 | Hon. John S. Morgan<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 3B | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC<br>1825 Barrett Lakes Blvd. Suite 500<br>Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Liberty Mutual Insurance Co. a/s/o Kathern Myrna v. Lowes Home Improvement, LLC, Spirit Logistics Network, Inc., and TGI Logistics, LLC</u><br><br>State Court of Cobb County<br><br>Civil Action File No. 21-A-2522 | Hon. Allison B. Salter<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Building B, First Floor-Civil Division<br><br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Building B, First Floor-Civil Division | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC<br>1825 Barrett Lakes Blvd. Suite 500<br>Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com<br><br>Robyn M. Roth, Esq.<br>Nils H. Okeson, Esq.<br>Fain, Major, & Brennan, P.C.<br>One Premier Plaza<br>5605 Glenridge Drive NE<br>Suite 900<br>Atlanta, GA 30342<br>rroth@fainmajor.com<br>nokeson@fainmajor.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Ralph Moise v. Sterling Management LTD, Inc; Avondale Georgia Apartments, LLC; Go Doorstep, LLC; Ally Waste Services, LLC; Private Eye Protection, LLC; XYZ Corp. Nos. 1 through 3; and John Doe Nos. 1 through 3</u><br><br><br>State Court of Dekalb County<br><br><br><br>Civil Action File No. 22A04276 | Hon. Kimberly K. Anderson<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br><br>Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br>Courtroom A, 2nd Floor | C. Brent Wardrop, Esq.<br>Alphonsie Nelson, Esq.<br>Quintarios, Prieto, Wood & Boyer, P.A.<br>365 Northridge Road,<br>Suite 230<br>Atlanta, Georgia 30350<br>brent.wardrop@qpwblaw.com<br>Alphonsie.nelson@qpwblaw.com<br><br>Duane L. Cochenour, Esq.<br>Nneka A. Egwuatu Anunobi, Esq.<br>Wayne Satterfield, Esq.<br>Hall Booth Smith, PC<br>191 Peachtree Street,<br>Suite 2900<br>Atlanta, Georgia 30303<br>DCochenour@hallboothsmith.com<br>NAnunobi@hallboothsmith.com<br>WSatterfield@hallboothsmith.com<br><br>Justin D. Miller, Esq.<br>Nathaniel K. Hofman, Esq.<br>Stewart Miller Simmons Trial Attorneys<br>55 Ivan Allen Jr. Blvd., Suite 700<br>Atlanta, GA 30308<br>jmiller@smstrial.com<br>nhofman@smstrial.com |
| <u>Sarahi Vasquez-Diego, Guardian Of Minor Marilyn Vasquez v. James Casseus; Smokerise Towing and Transport, LLC; and John Does</u><br><br>State Court of Dekalb County | Hon. Kimberly K. Anderson<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br><br>Clerk, State Court of Dekalb County | Ray Kermani, Esq.<br>Jason Doucette, Esq.<br>Kermani, LLP<br>1718 Peachtree Street NW, Ste.489<br>Atlanta, GA 30309<br>rk@kermanillp.com<br>jason@kermanillp.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 23A01907 | Dekalb County Courthouse 556 N. McDonough St Decatur, GA 30030 Suite 2210 Courtroom A, 2nd Floor | |
| Nancy Jordan and Michael Jordan v. Michael Gonnelley, The Boyd Group US, Inc., and Glass America Midwest, LLC | Hon. Tammi Hayward State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Room 3JC402 Jonesboro, GA 30236 | Trisha Starks-Bryon, Esq. STARKS BYRON, P.C. 1275 Shiloh Road, Suite 2710 Kennesaw, GA 30144 trisha@starksbyron.com |
| State Court of Clayton County  Civil Action File No. 2023CV01206 | Clerk, State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Courtroom# 3CR304 Jonesboro, GA 30236 | |
| Christopher Tuck v. Robertshaw Controls Company; Schneider Electric Systems USA, Inc; Little Giant Manufacturing Company; Cleaning Technologies, Inc. d/b/a Truck Mount Technology, LLC; and American Classic Carpet, Inc  State Court of Gwinnett County | Hon. Jaletta L. Smith State Court of Gwinnett County Gwinnett County Courthouse 75 Langley Dr, Lawrenceville, GA 30046 Division S7  Clerk, State Court of Gwinnett County Gwinnett County Courthouse 75 Langley Dr, Lawrenceville, GA 30046 Division S7 | Cale Conley, Esq. Davis Popper, Esq. Christopher George, Esq. Conley Griggs Partin LLP 4200 Northside Parkway, NW Building One, Suite 300 Atlanta, Georgia 30327 cale@conleygriggs.com  Melissa C. Greene, Esq. Michael J. Yates, Esq. Copeland, Stair, Valz & Lovell, LLP 191 Peachtree Street, NE, Suite 3600 Atlanta, GA 30303-1740 mgreene@csvl.law mjyates@csvl.law  Warner S. Fox, Esq. Hawkins Parnell & Young, LLP |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 23-C-05704-S7 | | 303 Peachtree Street, N.E., Suite 4000 Atlanta, GA 30308-3243 wfox@hpylaw.com |
| <u>Central Mutual Insurance Co. a/s/o Samples Residential & & Commercial, Inc. v. Robertshaw Controls Company</u><br><br>State Court of Forsyth County<br><br>Civil Action File No. 23SC-1084-A | Hon. James A. Dunn State Court of Forsyth County 101 East Courthouse Square Suite 4070 Cumming, GA 30040<br><br>Clerk, State Court of Forsyth County 101 East Courthouse Square Suite 4070 Cumming, GA 30040 Courtroom 402 | Robert Parnell, Esq. Ronald W. Parnell, P.C. Attn: SDC P.O. Box 81085 Conyers, GA 30013 rwp@rwpsubro.com |
| <u>Caleb Jones v. The Lawrence @ Juniper, LLC and XYZ Corps 1-2</u><br><br>State Court of Fulton County<br><br>Civil Action File No.23EV000090 | Hon. Chief Judge Wesley B. Tailor State Court of Fulton County 185 Central Avenue, SW Atlanta, GA 30303<br><br>Clerk, State Court of Fulton County 185 Central Avenue, S.W. Atlanta, GA  30303 | Brandon Smith, Esq. BRANDON SMITH LAW, LLC 5425 Peachtree Parkway, NW Peachtree Corners, GA 30092 brandon@brandonsmithlawfirm.com |

| | | |
|---|---|---|
| William S. Suggs, Sr. v. Valdosta Home Center, LLC., Wayne Frier Home Center of Waycross, LLC, WMT Housing, LLC and Joel Scholten, d/b/a Live Oak Homes | Hon. Richard M. Cowart Superior Court of Lowndes County Judicial Complex 327 N. Ashley St. Valdosta, GA 31601 | O. Wayne Ellerbee, Esq. THE ELLERBEE LAW FIRM, P.C. 1000 Slater Street Valdosta, GA 31603-0025 wellerbee@bellsouth.net<br><br>Leslie Kennerly, Esq. YOUNG, THAGARD, HOFFMAN, LLP P.O. Box 3007 Valdosta, GA 31604 lesliekennerly@youngthagard.com |
| American Fiberglass Products, Inc (Third-Party Defendant)<br><br>Superior Court of Lowndes County<br><br>Civil Action File No. 2022CV0702 | Clerk, Superior Court of Lowndes County Judicial Complex 327 N. Ashley St. Valdosta, GA 31601 | G. Lee Welborn, Esq. DOWNEY & CLEVELAND, LLP 288 Washington Avenue Marietta, GA 30060-1979 welborn@downeycleveland.com<br><br>Nicholas B. Tuz, Esq. Michael C. Kendall Kendall Mandell, LLC 3152 Golf Ridge Blvd., Suite 201 Douglasville, GA 30135 nbtuz@kendallmandell.com mckendall@kendallmandell.com<br><br>Sarah Finney Kjellin, Esq. Alexander S. Whitlock, Esq. Guilday Law, P.A. 1983 Centre Pointe Boulevard, Suite 200 Tallahassee, Florida 32308-7823 sarah@guildaylaw.com alex@guildaylaw.com bridgette@guildaylaw.com sofia@guildaylaw.com beths@guildaylaw.com<br><br>Gregory Farris 101 Industrial Park Road Double Springs, AL 35553<br><br>Joel Scholten d/b/a Live Oak Homes 144 Greenwood Drive, GA 31519 |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Nicole Maddox v. Greenbrier Apartments, LLC Dahlonega Rents LLC, and John Does I thru V<br><br>Superior Court of Lumpkin County<br><br>Civil Action File No. SUCV2022000102 | Hon. Joy R. Parks<br>Superior Court of Lumpkin County<br>325 Riley Road, Room 212<br>Dahlonega, GA 30533<br><br><br><br>Clerk, Superior Court of Lumpkin County<br>325 Riley Road, Room 212<br>Dahlonega, GA 30533 | Jeffry M. Dougan, Esq.<br>David K. May, Esq.<br>Benjamin J. Hillis, Esq.<br>PRINCENTHAL, MAY & WILSON, LLC<br>750 Hammond Drive<br>Building 12, Suite 200<br>Sandy Springs, GA 30328<br>david@princemay.com<br>matthew@princemay.com<br>jeff@princemay.com |
| Allstate Insurance Company v. Seamus Lucy, The Haven of Athens, LLC, Jocelyn Marie Melvin, and Paul G. Melvin<br><br>U.S. Northern District Court of the GA, Atlanta Division<br><br>Civil Action File No. 1:22-cv-03730-VMC | Hon. Victoria Marie Calvert<br>U.S. Northern District Court of the GA, Atlanta Division<br>2125 Richard B. Russell Federal Building and United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309<br><br><br><br>U.S. Northern District Court of the GA, Atlanta Division<br>2125 Richard B. Russell Federal Building and United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309<br>Atlanta Courtroom 2105<br>Chambers 2125 | Ryan D. Dixon, Esq.<br>Jena G. Emory, Esq.<br>Copeland, Stair, Valz & Lovell, LLP 191 Peachtree St. NE, Suite 3600<br>Atlanta, GA 30303-1740<br>rdixon@csvl.law<br>jemory@csvl.law<br><br>Stephen T. LaBriola. Esq.<br>Jacob Weiss, Esq.<br>Fellows LaBriola, LLP Peachtree Center Suite 2400 Harris Tower 233 Peachtree Street, N.E. Atlanta, Georgia 30303<br>slabriola@fellab.com<br>jweiss@fellab.com<br><br>M. Eric Eberhardt, Esq.<br>EBERHARDT & HALE, LLP 1160 S. Milledge Ave., Ste. 120 Athens, Georgia 30605<br>mee@ehlawfirm.com |
| Allstate Insurance Company v. Seamus Lucy, The Haven of Athens, LLC, Jocelyn Marie Melvin, and Paul G. Melvin | Hon. Chief Judge Fred C. Eady<br>State Court of Fulton County<br>185 Central Avenue, SW<br>Atlanta, GA 30303<br>State Court of Fulton County<br>185 Central Avenue, SW<br>Atlanta, GA 30303 | Jacob Weiss, Esq.<br>FELLOWS LABRIOLA LLP<br>233 Peachtree Street, N.E., Suite 2400<br>Atlanta, Georgia  30303<br>jweiss@fellab.com<br>Thomas E. Brennan, Esq.<br>James F. Taylor, III, Esq.<br>Fain, Major & Brennan, P.C. |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| State Court of Fulton County<br><br>Civil Action File No. 22EV002827 | | One Premier Plaza<br>5605 Glenridge Drive, NE, Suite 900<br>Atlanta, Georgia 30342<br>tbrennan@fainmajor.com<br>jtaylor@fainmajor.com<br><br>Ashley Alfonso, Esq.<br>Swift, Currie, McGhee & Hiers, LLP 1355 Peachtree St., NE, Suite 300<br>Atlanta, Georgia 30309<br>ashley.alfonso@swiftcurrie.com<br><br>Ryan D. Dixon, Esq.<br>Jena G. Emory, Esq.<br>Copeland, Stair, Valz & Lovell, LLP 191 Peachtree St. NE, Suite 3600<br>Atlanta, GA 30303-1740<br>rdixon@csvl.law<br>jemory@csvl.law |
| Sharon Vines v. TIF-FK-B III, LLC, Build-Us-Back Property Services-FL, LLC, et al.<br><br>State Court of Cobb County<br><br>Civil Action File No. 22-A-1883 | Hon. John S. Morgan<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 3B | Brett A. Miller, Esq.<br>WOOD CRAIG MILLER, LLC<br>3520 Piedmont Road NE<br>Suite 280<br>Atlanta, GA 30305<br>brett@woodcraig.com |
| Shalina Stone v. Whirlpool Corporation and Robertshaw Controls Company<br><br>State Court of Gwinnett County | Hon. Veronica Cope<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC 1825 Barrett Lakes Blvd. Suite 500 Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 22-C-05587-S6 | Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | |
| The Gift Barn Boutique, LLC v. Robert Massey Management Systems, Inc<br><br>Civil Action No. 1:22-CV-023(LAG) | Hon. Leslie A. Gardner<br>U.S. Middle District of GA<br>201 West Broad Avenue<br>Albany, GA 31701<br><br>U.S. Middle District of GA<br>201 West Broad Avenue<br>Albany, GA 31701 | Edward Meeks, Jr., Esq.<br>Post Office Drawer 720<br>Leesburg, GA 31763<br>eddymeeks@meekslaw.net<br><br>Melissa K. Kahren, Esq.<br>1355 Peachtree Street, N.E.<br>Suite 300<br>Atlanta, GA 30309 |
| The Gift Barn Boutique, LLC v. Robert Massey Management Systems, Inc<br><br>Civil Action No. 2021CV0180 | Hon. Melanie B. Cross<br>Superior Court of Tift County<br>Charles Kent Administration Bldg.<br>225 Tift Avenue N. Suite 302<br>Tifton, GA 31793<br><br>Superior Court of Tift County<br>Charles Kent Administration Bldg.<br>225 Tift Avenue N. Suite 302<br>Tifton, GA 31793 | John C. Spurlin<br>P.O. Box 7566<br>Tifton Georgia 31793<br>johnspurlin@suprlinlaw.com<br><br>Edward Meeks Jr., Esq.<br>P.O. Box 720<br>Leesburg, Georgia<br>31763eddymeeks@meekslaw.net<br><br>C. Adam Carvin<br>COBB LAW GROUP<br>South Georgia Office<br>P.O. Box 1718<br>Thomasville, Georgia 31799<br>adam@cobblawgroup.net |
| Passage Health International, LLC v. Martha Zendejas Soto and Raphael Gonzalez Soto<br><br>U.S. Eastern District of | Hon. Travis R McDonough<br>U.S. Eastern District of TN at Knoxville<br>900 Georgia Avenue, Room 317<br>Chattanooga, TN 37402<br><br>U.S. Eastern District of TN at Knoxville<br>900 Georgia Avenue, Room 317<br>Chattanooga, TN 37402 | Martha Zendejas Soto<br>8012 Keybridge Way Powell, TN 37849<br><br>Raphael Gonzalez Soto<br>8336 Oak Ridge Highway #K9 Knoxville, TN 37931 |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Tennessee at Knoxville<br><br>Civil Action No. 3:23-cv-225 | | |
| <u>Anthony Carter Fernandez v. Soma Investment Group, LLC d/b/a South of Maple Apartments, John Does 1-3 and ABC Corporations 1-3</u><br><br>State Court of Clayton County<br><br>Civil Action File No. 2020CV02348 | Hon. Michael T. Garrett<br>State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC102<br>Jonesboro, GA  30236<br><br>Clerk, State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Room 3JC102<br>Jonesboro, GA  30236 | Michael Johnson, Esq.<br>Morgan & Morgan<br>P.O. Box 57007<br>Atlanta, GA 30343-1007<br>majohnson@forthepeople.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Makayla Carter v. H&S Recovery, LLC and Jerry Link<br><br>Magistrate Court of Dekalb County<br><br>Civil Action File No. 23M11045 | Hon. Chief Berryl A. Anderson Magistrate Court of Dekalb County DeKalb County Courthouse Administration Tower 556 N. McDonough Street 2nd Floor Decatur, GA 30030<br><br>Clerk, Magistrate Court of Dekalb County DeKalb County Courthouse Administration Tower 556 N. McDonough Street 2nd Floor Decatur, GA 30030 | Bhrett J. Pizza, Esq. Jonathan L. Pizza, Esq. Bhrett J. Pizza, Attorney at Law, P.C. 216 Alexander Street Marietta, GA 30060 pizzalawga@hotmail.com pizzalawjlp@hotmail.com |
| Ashley LeConte Campbell v. Vinings Chase Condominium Association, Inc, Heritage Property Management Services, Inc. and Castle Property Services, LLC,<br><br>Castle Property Services, LLC (Third-Party Plaintiff) v. Diamond Back Enterprises, LLC and Epic, LLC (Third-Party Defendants)<br><br>Superior Court of Fulton County | Hon. Charles M. Eaton, Jr. Superior Court of Fulton County<br><br>Justice Center Tower 185 Central Ave, S.W. Atlanta, GA 30303<br><br>Clerk, Superior Court of Fulton County Justice Center Tower 185 Central Ave, S.W. Atlanta, GA 30303 Courtroom 5C Chamber 5755 | Henry M. Quillian, III, Esq. Taylor English Duma, LLP 1600 Parkwood Circle, Suite 200Atlanta, GA 30339 hquillian@taylorenglish.com<br><br>Nicole C. Leet, Esq. Gray, Rust, St. Amand, Moffett & Brieske, L.L.P. 950 East Paces Ferry Road Suite 1700 – Salesforce Tower Atlanta, GA 30326 nleet@grsmb.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Lacher Thompson v. L'Oreal USA, Inc.; L'Oreal USA Product, Inc.; Soft Sheen/Carson, Inc.; Godrej Son Holdings, Inc.; Strength of Nature, LLC; Avlon Industries, Inc.; Avlon International, Inc.; Beauty Bell Enterprises, LLC' and Does 1-100<br><br>State Court of Chatham County<br><br>Civil Action File No. STCV23-00445 | Hon. Derek J. White<br>State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430<br><br><br><br><br><br>Clerk, State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430 | Emma H. Cramer, Esq.<br>Colin Dang Delaney, Esq.<br>Sasha N. Greenberg, Esq.<br>SMITH, GAMBRELL & RUSSELL, LLP<br>1105 W. Peachtree St. NE<br>Suite 1000<br>Atlanta, Georgia 30309<br>cdelaney@sgrlaw.com<br>sgreenberg@sgrlaw.com<br>ecramer@sgrlaw.com<br><br><br>M. Brandon Smith, Esq.<br>C. Andrew Childers, Esq.<br>CHILDERS, SCHLUETER & SMITH, LLC<br>1932 N. Druid Hills Road, Suite 100<br>Atlanta, Georgia 30319<br>achilders@cssfirm.com<br>bsmith@cssfirm.com<br><br>Anne Andrews, Esq.<br>Sean Higgins, Esq.<br>Robert Siko, Esq.<br>ANDREWS & THORNTON<br>4701 Von Karman Ave., Suite 300<br>Newport Beach, CA 92660<br><br>Brian L. Williams, Esq.<br>Joneis M. Phan, Esq.<br>Roxy S. Shekarriz, Esq.<br>GREENBERG GROSS LLP<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, California 92626<br><br>Mark D. Johnson, Esq.<br>GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.<br>Post Office Box 190 Brunswick, Georgia 31521-0190<br>mjohnson@ghslaw.com |

2023CV01206

| | | Leslie K. Eason, Esq.<br>Peter Siachos, Esq.<br>GORDON REES SCULLY<br>MANSUKHANI, LLP<br>55 Ivan Allen Jr. Blvd. N.W., Suite 750<br>Atlanta, GA 30308<br>leason@grsm.com<br>Psiachos@grsm.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Liberty Mutual Insurance Co. a/s/o Marita Heberling v. Robertshaw Controls Company</u><br><br>State Court of Forsyth County<br><br>Civil Action File No. 23SC-0027B | Hon. Chief Judge T. Russell McClelland<br>State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016<br><br>Clerk, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016 | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC<br>1825 Barrett Lakes Blvd. Suite 500<br>Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com |
| <u>Lance Innovative Management Services, LLC v. Ronald Woods and R.D. Wood Insurance Associates, Inc.</u><br><br>Superior Court of Fayette County<br><br>Civil Action File No. 2023V-0587 | Hon. Scott L. Ballard<br>Superior Court of Fayette County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214<br><br>Clerk, Superior Court of Fayette County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214 | Michael B. Weinstein, Esq.<br>Ashley S. Lewis<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, Georgia 30360<br>mike@wblegal.net<br>ashley@wblegal.net |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Mojirayo Adepoju v. L'Oreal USA, Inc.; L'Oreal USA Products, Inc.; Soft Sheen-Carson, LLC, Strength of Nature, LLC; Godrej Son Holdings, Inc.; Dabur International Limited; Dabur International USA LTD.; Namaste Laboratories; Dermovia Skin Essentials, Inc.; Afam Concept, Inc. d/b/a JF Labs Inc.; Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.; House of Cheatham, LLC; Luster Products Company; McBride Research Laboratories; John Does 1-10<br><br>State Court of Chatham County<br><br>Civil Action File No. STCV23-01641 | Hon. Derek J. White<br>State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430<br><br><br><br>Clerk, State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430 | M. Brandon Smith, Esq.<br>C. Andrew Childers, Esq.<br>CHILDERS, SCHLUETER & SMITH, LLC<br>1932 N. Druid Hills Road, Suite 100<br>Atlanta, Georgia 30319<br>achilders@cssfirm.com<br>bsmith@cssfirm.com<br><br>Melanie H. Muhlstock, Esq.<br>Megan L. Foggia, Esq.<br>Laila A. Razzaghi, Esq.<br>PARKER WAICHMAN LLP<br>6 Harbor Park Drive<br>Port Washington, New York 11050<br>mmuhlstock@yourlawyer.com<br>mfoggia@yourlawyer.com<br>lrazzaghi@yourlawyer.com<br><br>Leslie K. Eason, Esq.<br>Peter Siachos, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>55 Ivan Allen Jr. Blvd. N.W., Suite 750<br>Atlanta, GA 30308<br>leason@grsm.com<br>Psiachos@grsm.com<br><br>Dennis S. Ellis, Esq.<br>Katherine F. Murray, Esq.<br>Nicholas J. Begakis, Esq.<br>ELLIS GEORGE CIPOLLONE O'BRIEN LLP<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, CA 90067<br>dellis@egcfirm.com<br>kmurray@egcfirm.com<br>nbegakis@egcfirm.com<br><br>Jennifer R. Burbine, Esq. |

2023CV01206

| | | |
|---|---|---|
| | | MCGUIREWOODS LLP<br>1075 Peachtree Street, NE<br>35th Floor<br>Atlanta, Georgia 30309<br>jburbine@mcguirewoods.com<br><br><br>Elizabeth Eklund Johnson, Esq.<br>Maron Marvel Bradley Anderson &<br>Tardy 1201 N. Market Street – Suite<br>1100 Wilmington, DE 19801<br>ejohnson@maronmarvel.com<br><br>R. Scott Masterson, Esq.<br>Candis R. Jones, Esq.<br>Seth Friedman, Esq.<br>LEWIS BRISBOIS BISGAARD &<br>SMITH, LLP<br>600 Peachtree Street NE, Suite 4700<br>Atlanta, Georgia 30308<br>Scott.masterson@lewisbrisbois.com<br>Candis.jones@lewisbrisbois.com<br>Seth.Friedman@lewisbrisbois.com<br><br>Mark D. Johnson, Esq.<br>Gilbert, Harrell, Sumerford & Martin,<br>P.C. 777 Gloucester Street, Suite 200<br>Brunswick, Georgia 31520<br>mjohnson@ghsmlaw.com<br>Lori B. Leskin, Esq.<br>Arnold & Porter Kay Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Lori.Leskin@arnoldporter.com<br><br>Rhonda R. Trotter, Esq.<br>777 South Figueroa Street<br>Los Angeles, California 90017-5844<br>Rhonda.Trotter@arnoldporter.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Taheria Shantea Hines v. Speedy Recovery Service, Inc</u><br><br>State Court of Dekalb County<br><br><br><br><br>Civil Action File No. 23A04422 | Hon. Kimberly A. Alexander<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br>Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br>Courtroom B 2nd Floor | Taheria Hines<br>*Pro Se Defendant*<br>661 Sherwood Dr. Apt-E4<br>Jonesboro, GA 30236<br>Tenasaroberts13@gmail.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Eliezer Diaz v. ABA Best Janitorial Services, Inc., Sarofim Realty Advisors Co., Sarofim Realty Advisors LLC, BJS Plaza Fiesta, LLC, Kennedy Wilson Properties, LTD, John Doe(s) 1-5, and ABC Corporation(s) 1-10</u><br><br>State Court of Dekalb County<br><br><br>Civil Action File No. 23A02061 | Hon. Ana Maria Martinez<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 3240<br><br><br>Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 3240<br>Courtroom D 3rd Floor | Rachel Deloach-Burke, Esq.<br>MONGE & ASSOCIATES 8205 Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>rachelB@monge.lawyer<br><br>Paul J. Spann, Esq.<br>Adam C. Joffe, Esq.<br>GOODMAN MCGUFFEY, LLP 3340 Peachtree Road, NE<br>Suite 2100<br>Atlanta, GA 30326<br>pspann@gm-llp.com<br>ajoffe@gm-llp.com<br><br>Charity T. Wood, Esq.<br>Michael J. Rust, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske, LLP<br>1700 Salesforce Tower Atlanta<br>950 East Paces Ferry Road<br>Atlanta, GA 30326<br>cwood@grmsb.com<br>mrust@grsmb.com<br><br><br>Mark D. Lefkow, Esq.<br>Michael J. Yates, Jr., Esq.<br>Copeland, Stair, Valz & Lovell, LLP<br>191 Peachtree Street NE, Suite 3600<br>P. O. Box 56887 (30343-0887)<br>mlefkow@csvl.law<br>mjyates@csvl.law |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Alberta Saunders v. Sabatini Atlanta Enterprises Inc.; The Kroger Co.; and Elijah Joel Cantrell</u><br><br>State Court of Clayton County<br><br>Civil Action File No. 2023CV00568 | Hon. Sonyja George<br>State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Jonesboro, GA 30236<br><br>Clerk, State Court of Clayton County<br>Harold R. Banke Justice Center<br>Room 3JC101<br>9151 Tara Boulevard<br>Jonesboro, GA 30236<br>Courtroom# 3CR301 | Shella D. Crochet, Esq.<br>Morgan & Morgan Atlanta, LLC<br>191 Peachtree Street, NE,<br>Suite 4200<br>P.O. Box 57007<br>Atlanta, GA 30343<br>scrochet@forthepeople.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Bryant Garrott v. Centennial Contractors Enterprises, Inc., and Harold Peterson, et al.</u><br><br>State Court of Gwinnett County<br><br>Civil Action File No. 23-C-02772-S2 | Hon. Shawn F. Bratton<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S2<br><br><br><br>Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S2 | Inna Voronkina, Esq.<br>FOY & ASSOCIATES, P.C.<br>3343 Peachtree Road, NE<br>Suite 350<br>Atlanta, GA 30326<br>ivoronkina@johnfoy.com<br><br>Rachel Deloach-Burke, Esq.<br>MONGE & ASSOCIATES 8205 Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>rachelB@monge.lawyer<br><br>Lauren E.H. Meadows, Esq.<br>Melissa A. Segel, Esq.<br>SWIFT, CURRIE, MCGHEE, & HIERS,<br>LLP<br>1420 Peach Tree St. N.E.<br>Suite 800<br>Atlanta, GA 30309<br>Melissa.segel@swiftcurrie.com<br>Lauren.meadows@swiftcurrie.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| State Farm Fire & Casualty Co. as Subrogee of Zachary Brown v. The Home Depot, Inc. and Spirit Logistics Network, Inc. dba Spirit Delivery & Distribution Services<br><br>Spirit Logistics Network, Inc dba Spirit Delivery & Distribution Services, Inc (Third-Party Plaintiff) v. Omega Trucking, LLC (Third-Party Defendant)<br><br>State Court of Cobb County<br><br>Civil Action File No. 22-A-4351 | Hon. Maria B. Golick<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 4C | G. Lee Wellborn, Esq.<br>Downey & Cleveland, LLP<br>288 Washington Ave NE<br>Marietta, GA 30060<br>welborn@downeycleveland.com<br><br><br>Brandon G. Day, Esq.<br>Hanks Law Group, LLC<br>The Hardin Building<br>1380 W Paces Ferry Rd NW<br>Suite 2265<br>Atlanta, GA 30327<br>bday@hankslawgroup.com<br><br><br>Candace M. Boutwell, Esq.<br>BOUTWELL & ASSOCIATES, LLC<br>2280 Satellite Blvd, Bldg B<br>Duluth GA 30097<br>candace@subrofirm.com |

2023CV01

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Tatiana Tabara and George Tabara v. Spirit Logistics Network, Inc.,</u><br><br><u>Spirit Logistics Network, Inc (Third-Party Plaintiff)</u><br><u>v.</u><br><u>Omega Trucking, LLC (Third-Party Defendant)</u><br><br>State Court of Gwinnett County<br><br>Civil Action File No. 23-C-02011-S6 | Hon. Veronica Cope<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6<br><br><br><br><br>Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | Micahel B. Weinstein, Esq.<br>Ashley S. Lewis, Esq.<br>WEINSTEIN & BLACK, LLC<br>3050 Amwiler Rd., Ste 200-C<br>Atlanta, GA 30328<br>mike@wblegal.net<br>ashley@wblegal.net<br><br><br>M. Boyd Jones, Esq.<br>Morgan Tabor, Esq.<br>Jones & Palmer, LLC<br>639 Whitlock Avenue SW, 2nd Floor<br>Marietta, Georgia 30064<br>boyd.jones@jonespalmerlaw.com<br>morgan.tabor@jonespalmerlaw.com |
| <u>Mende Thompson v. Deborah Moger Tinsley, and Audrey Jayne Dickerson</u><br><br>Superior Court of Rockdale County<br><br>Civil Action File No. 2023-CV-1010 | Hon. Robert F. Mumford<br>Superior Court of Rockdale County<br>Rockdale County Courthouse<br>922 Court St.<br>Conyers, GA 30012<br><br><br>Clerk, Superior Court of Rockdale County<br>Rockdale County Courthouse<br>922 Court St.<br>Conyers, GA 30012<br>Room 225<br>Courtroom 225C | Raymond T. Brooks, Esq.<br>The Law Office of Raymond T. Brooks, Jr.<br>281 Scenic Highway<br>Lawrenceville, GA 30046<br>rtboffice@yahoo.com<br><br>Deborah Moger Tinsley, Defendant<br>c/o Rockdale House for Women<br>995 Milstead Avenue<br>Conyers, Georgia 30012<br><br>Audrey Jayne Dickerson, *Pro Se Defendant*<br>954 Macks Road<br>Harlem, Georgia 30814 |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Liston Henry v. Brenda Johnson</u><br><br>State Court of Henry County<br><br><br><br><br>Civil Action File No. STSV2023000079 | Hon. Chaundra D. Lewis<br>State Court of Henry County<br>GA-81<br>1 Judicial Center, Suite 310<br>McDonough, GA<br><br><br>Clerk, State Court of Henry County<br>GA-81<br>1 Judicial Center, Suite 310<br>McDonough, GA | James T. Ponton, Esq.<br>M. Bradford Patterson, Esq.<br>Ponton Law<br>700 Peachtree Dunwoody Rd.<br>Building 1, Suite 201<br>Atlanta, GA 30328<br>jtp@jamesponton.com<br>mbp@jamesponton.com<br><br>Anita Kant, Esq.<br> #241055<br>P.O. Box 77055<br>Madison, WI 53707<br>Anita.kant@amfam.com<br><br>Danielle M. Hernandez, Esq.<br>Robbins Alloy Bellinfante Littlefield, LLC<br>500 Fourteenth Street NW<br>Atlanta, GA 30318<br>dhernandez@robbinsfirm.com |

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| NANCY JORDAN and MICHAEL JORDAN   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | **Civil Action File No: 2023CV01206** |
| **v.**   ) | |
| ) | |
| **MICHAEL GONNELLY, THE BOYD**   ) | |
| **GROUP US, INC., and GLASS**   ) | |
| **AMERICA MIDWEST, LLC**   ) | |
| ) | |
| **Defendants.**   ) | |
| _____ ) | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>

Pursuant to Uniform Rule 5.2, I hereby certify that I have served the following discovery materials:

- **Defendant Glass America Midwest, LLC's Objections and Responses to Plaintiff's First Interrogatories;**

- **Defendant Glass America Midwest, LLC's Objections and Responses to Plaintiff's First Request for Admissions;**

- **Defendant Glass America Midwest, LLC's Objections and Responses to Plaintiff's First Request for Production of Documents;**

- **Defendant Michael Gonnelly's Objections and Responses to Plaintiff's First Interrogatories;**

- **Defendant Michael Gonnelly's Objections and Responses to Plaintiff's First Request for Admissions; and**

- **Defendant Michael Gonnelly's Objections and Responses to Plaintiff's First Request for Production of Documents**

This 11th day of December, 2023.

/s/ Kindu A. Walker
KINDU A. WALKER
Georgia Bar No. 732284
*Counsel for Defendant Glass America Midwest, LLC and Michael Gonnelly*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7113
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** upon all parties to this

matter by electronic filing via, which will automatically send notification of filing to counsel of

record addressed as follows:

Trisha Starks, Esq.                          Titus Nichols
Starks Byron, P.C.                           Nichols Injury Law, P.C.
1275 Shiloh Road                             1000 Whitlock Avenue
Suite 2710                                   Suite 320
Kennesaw, GA 30144                           Marietta, GA 30064


This 11th day of December, 2023.

                                             */s/ Kindu A. Walker*
                                             KINDU A. WALKER
                                             Georgia Bar No. 732284
                                             *Counsel for Defendant Glass America*
                                             *Midwest, LLC and Michael Gonnelly*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7113
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green**

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

NANCY JORDAN and                          )

MICHAEL JORDAN,                           )

       Plaintiffs,                         )

v.                                        )         Civil Action File No.: 2023CV01206

MICHAEL GONNELLEY,                        )

THE BOYD GROUP US, INC and                )

GLASS AMERICA MIDWEST, LLC                )

      Defendants.

### <u>CONSENT MOTION TO DISMISS THE BOYD GROUP US, INC.</u>

### <u>WITHOUT PREJUDICE</u>

COME NOW Plaintiffs and hereby move the Court for an order to dismiss Defendant The Boyd Group US, Inc. without prejudice and show this Court as follows:

1.

Plaintiffs filed this action against Defendants Michael Gonnelley, The Boyd Group US, Inc. and Glass America Midwest, LLC.

2.

Since filing of Plaintiffs' Second Amended Complaint naming The Boyd Group US, Inc. as a defendant, Plaintiffs have learned that The Boyd Group US, Inc. is an improper party.

3.

Pursuant to O.C.G.A. § 9-11-21 Plaintiffs hereby request that this motion to dismiss Defendant The Boyd Group US, Inc. without prejudice be granted.

WHEREFORE, the Parties move this Court for an order dismissing The Boyd

Group US, Inc. without prejudice and allowing this action to move forward with all remaining parties.

This 18th day of December 2023.

Respectfully submitted.

STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Telephone: 404-795-5115
Fax: 404-994-1220
trisha@starksbyron.com


NICHOLS INJURY LAW, P.C.
*/s/ Titus T. Nichols*
Titus T. Nichols
Georgia State Bar No. 870662
Attorney for Plaintiffs
1000 Whitlock Avenue
Suite 320
Marietta, GA 30064
Telephone: (678)7225311
Fax: (470)6324446
titus@nicholsinjury.com

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| NANCY JORDAN and | ) |
| MICHAEL JORDAN, | ) |
| Plaintiffs, | ) |
| v. | ) |
| MICHAEL GONNELLEY, | ) |
| THE BOYD GROUP US, INC and | ) |
| GLASS AMERICA MIDWEST, LLC | ) |
| Defendants. | |

Civil Action File No.: 2023CV01206

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served Defendant Michael Gonnelley, Defendant Glass America Midwest, LLC and Defendant The Boyd Group US, Inc. with a **MOTION TO DISMISS FEWER THAN ALL PARTIES**. Upon the Defendants addressed as:

Kindu Walker, Esq.
Derron Bowles, Esq.
Litchfield Cavo, LLP
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328

This the 18th day of December, 2023.

Respectfully submitted.

STARKS BYRON, P.C.,

*/s/ Trisha Starks-Byron*
Trisha Starks-Byron, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff
1275 Shiloh Road
Suite 2710
Kennesaw, GA 30144
Telephone: 404-795-5115
Fax: 404-994-1220
trisha@starksbyron.com

NICHOLS INJURY LAW, P.C.
*/s/ Titus T. Nichols*
Titus T. Nichols
Georgia State Bar No. 870662
Attorney for Plaintiffs
1000 Whitlock Avenue
Suite 320
Marietta, GA 30064
Telephone: (678)7225311
Fax: (470)6324446
titus@nicholsinjury.com

2023CV01206   eFiled 12/19/2023 8:42 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## LEAVE OF ABSENCE

**DATE :**   **December 18, 2023**

**TO:**   **ALL JUDGES, CLERKS OF COURT AND COUNSEL OF**

**RECORD**

**FROM:**   **Trisha Starks, Esq.**

**RE:**   **NOTICE OF LEAVE OF ABSENCE**

COMES NOW Trisha Starks and respectfully notifies all judges before whom she has cases

pending, all affected clerks of court and all opposing counsel, that she will be on leave pursuant to

Georgia Uniform Court Rule 16.

1. The periods of leave during which time Applicant will be away from the practice

of law are: January 19, 2024 – January 26, 2024.

2. The purpose of the leave is continuing legal education and vacation.

3. All affected judges and opposing counsel shall have 10 days from the date of this

notice to object. If no objections are filed, the leave shall be granted.

This 19th day of December, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks*_____
Trisha Starks, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, Georgia 30144
Ph 404-795-5115
Fax 404-994-1220
trisha@starksbyron.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing NOTICE OF LEAVE OF ABSENCE upon all judges, clerks and opposing counsel listed on the attached Exhibit A by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 19th day of December, 2023.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks*_____
Trisha Starks, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, Georgia 30144
Ph 404-795-5115
Fax 404-994-1220
trisha@starksbyron.com

EXHIBIT A

| CASE NO. CASE NAME | NAME/JUDGE COURT/COUNTY | OPPOSING COUNSEL NAME/ADDRESS | CLERK'S ADDRESS |
|---|---|---|---|
| Lebert Brown v. Michael Callan<br>Case No. 21-A-1458 | Honorable Maria B. Golick<br>Cobb County State Court | Megan L. Prince-Miller, Esq.<br>Law Office of McLaughlin & Ream<br>P.O. Box 7217<br>London, KY 40742 | Cobb County State Court<br>12 East Park Square<br>Marietta, GA 30090<br>Phone: 770-949-2000 |
| Abiola Daramola v. Brian Oravetz and Beverly Selby<br>Case No. 23-A-4182 | Honorable Jane P. Manning<br>Cobb County State Court | | Cobb County State Court<br>12 East Park Square<br>Marietta, GA 30090<br>Phone: 770-949-2000 |
| Anthony Bly, Tikia Day, individually, and as natural guardian of Aniy'lah Day-Bly v. National Appeal of Georgia, LLC and Chris Krajewski<br>Case No. 22EV003643 | Honorable Patsy Y. Porter<br>Fulton County State Court | Pamela Newsom Lee, Esq.<br>Jordan M. Mahoney, Esq.<br>Law Office of Swift, Currie, McGhee & Heirs, LLP<br>1420 Peachtree Street NE<br>Suite 800<br>Atlanta, GA 30309 | Fulton County State Court<br>185 Central Ave SW, Atlanta, GA 30303<br>Phone: 404-613-4245 |
| Brianna Hill v. Toree Davis<br>Case No. SUCV2023000879 | Honorable Jeffrey L. Foster<br>Newton County Superior Court | Latevia Priddy, Esq.<br>Groth, Makarenko, Kaiser & Eidex<br>One Sugarloaf Centre<br>1960 Satellite Boulevard<br>Suite 200 | Newton County Superior Court<br>1132 Usher St NW # 338, Covington, GA 30014 |

| | | | |
|---|---|---|---|
| | | Duluth, GA 30097<br><br>Deidra P. Kelley, Esq.<br>Law Offices of Andrews & Manganiello<br>100 Crescent Centre Parkway<br>Suite 950<br>Tucker, GA 30084 | Phone: 770-784-2035 |
| Nancy Jordan and Michael Jordan v. Michael Gonnelley and Glass America Midwest, LLC.<br>Case No. 2023CV01206 | Honorable Tammi L. Hayward<br>Clayton County State Court | Kindu A. Walker, Esq.<br>Law Office of Litchfield Cavo, LLP.<br>2100 Riveredge Parkway<br>Suite 1200<br>Atlanta, GA 30328 | Clayton County State Court<br>9151 Tara Blvd,<br>Jonesboro, GA 30236<br>Phone: 770-477-3388 |
| Sejla Kartal-Sciullo v. Gabi Brows, LLC.<br>Case No.: 23-J-09048 | | Amber R. O'Connell, Esq.<br>Law Office of Swift, Currie, McGhee & Heirs, LLP<br>1420 Peachtree Street NE<br>Suite 800<br>Atlanta, GA 30309 | Cobb County Magistrate Court<br>32 Waddell St S<br>Marietta, GA 30090<br>Phone: 770-528-8900 |
| Kevin McCallister v. DeKalb County, Georgia<br>Case No. 23A02412 | Honorable Kimberly A. Alexander<br>DeKalb County State Court | David P. Arnold, Esq.<br>Parks S. Stone, Esq.<br>Alex F. Resnak, Esq.<br>Law Office of Wilson Elser Moskowitz Eldelman & Dicker, LLP<br>3348 Peachtree Road NE<br>Suite 1400<br>Atlanta, GA 30326 | DeKalb County State Court<br>556 N McDonough St,<br>Decatur, GA 30030<br>Phone: 404-371-2261 |

| | | | |
|---|---|---|---|
| Curtis Parris and Amanda Parris v. Oladayo Oyefuga Case No. 23SCE0558 | Honorable Alan W. Jordan Cherokee County State Court | Thomas E. Brennan, Esq. Law Office of Fain Major & Brennan, P.C. One Premier Plaza 5605 Glenridge Drive NE Suite 900 Atlanta, GA 30342 | Cherokee County Court 90 North St g170, Canton, GA 30114 Phone: 678-493-6511 |
| Ebony Respress and Justin Respress v. Jakyra Dobbs Case No. 23A02695 | Honorable Ana Maria Martinez DeKalb County State Court | Mitchel S. Evans, Esq. Ethan L. Ramsammy, Esq. Law Office of McAngus Goudelock & Courie, LLC. P.O. Box 57365 270 Peachtree Street NW Suite 1800 (30303) Atlanta, GA 30343 | DeKalb County State Court 556 N McDonough St, Decatur, GA 30030 Phone: 404-371-2261 |
| Carol Ross and William Ross v. Anthony Miller and Isaiah Wylie Case No. 22-A-1046-7 | Honorable Carl W. Bowers Cobb County State Court | Alex McDonald, Esq. Swift, Currie, McGhee & Heirs, LLP 1420 Peachtree Street NE Suite 800 Atlanta, GA 30309<br><br>Michelle E. Rossi, Esq. Law Offices of Assunta S. Fiorini P.O. Box 258829 Oklahoma City, Oklahoma 73125-8829<br><br>Roberta L. Dural, Esq. Law Office of Nancy W. Phillips 3200 Windy Hill Road SE Suite 1525E Atlanta, GA 30339-8554 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |

2023CV01206

| Draper Thrasher, as the Sole Heir and Administrator of the Estate of Harvey Lee Thrasher v. Wellstar Cobb Hospital Inc. Case No. 23-A-4486 | Honorable Carl W. Bowers Cobb County State Court | Sharonda Boyce Barnes, Esq. Caitlin N. Eldred, Esq. Law Office of Huff, Powell, & Bailey, LLC 999 Peachtree Street NE Suite 950 Atlanta, GA 30309 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |
| --- | --- | --- | --- |
| Omar Welch, as Natural Guardian of Jillian Welch v. Jennifer Hyatt Case No. 22-A-63 | Honorable John S. Morgan Cobb County State Court | Deanna Jones, Esq. Law Office of Marcus A. Blackwell 3200 Windy Hill Road SE Suite 1525E Atlanta, GA 30339 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |

2023CV01206      E-Filed 1/2/2024 1:51 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

NANCY JORDAN and MICHAEL JORDAN    )
)
     Plaintiffs,    )
)
                     Civil Action File No: 2023CV01206
v.    )
)
MICHAEL GONNELLY, THE BOYD    )
GROUP US, INC., and GLASS    )
AMERICA MIDWEST, LLC    )
)
     Defendants.    )
_____)

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Uniform Rule 5.2, I hereby certify that I have served the following discovery materials:

- **Defendant Glass America Midwest, LLC's First Interrogatories to Plaintiff Michael Jordan;**

- **Defendant Glass America Midwest, LLC's First Request for Production of Documents to Plaintiff Michael Jordan;**

- **Defendant Glass America Midwest, LLC's First Interrogatories to Plaintiff Nancy Jordan; and**

- **Defendant Glass America Midwest, LLC's First  Request for Production of Documents to Plaintiff Nancy Jordan;**

This 2nd day of January, 2024.

2023CV01206

*/s/ Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No. 732284
DERRON B. BOWLES
Georgia Bar No. 928313
*Counsel for Defendant Glass America*
*Midwest, LLC*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7111
walkerk@litchfieldcavo.com
bowles@litchfieldcavo.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** upon all parties to this

matter by electronic filing via, which will automatically send notification of filing to counsel of

record addressed as follows:

Trisha Starks, Esq.                  Titus Nichols
Starks Byron, P.C.                   Nichols Injury Law, P.C.
1275 Shiloh Road                     1000 Whitlock Avenue
Suite 2710                           Suite 320
Kennesaw, GA 30144                   Marietta, GA 30064
trisha@starksbyron.com               Titus@nicholsinjury.com

This 2nd day of January, 2024.

/s/ Kindu A. Walker
KINDU A. WALKER
Georgia Bar No. 732284
*Counsel for Defendant Glass America Midwest, LLC*

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway, Suite 1200
Atlanta, GA 30328
Phone: (770) 628-7113
Facsimile: (770) 628-7101
walkerk@litchfieldcavo.com

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Latasha Currie

## NOTICE OF LEAVE OF ABSENCE

To:          All Judges, Clerk of Court, and Counsel of Record

From:        Kindu A. Walker

Re:          Notice of Leave of Absence

Date:        February 2, 2024

---

Comes now, Kindu A. Walker and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.  The periods of leave during which time Applicant will be away from the practice of law are as follows:

**February 29, 2024 through March 6, 2023**

**March 27, 2024 through April 3, 2024**

**June 10, 2024 through July 9, 2024**

All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

This 2nd day of February, 2024.

                                        **LITCHFIELD CAVO LLP**

                                        */s/ Kindu A. Walker*
                                        KINDU A. WALKER
                                        Georgia Bar No.: 732284
                                        walkerk@litchfieldcavo.com

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328
Telephone: (770) 628-7113
Facsimile:  (770) 628-7101
walkerk@litchfieldcavo.com

2023CV01206

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing Notice of Leave of

Absence of Kindu A. Walker upon all judges, Clerks of Court, and opposing counsel by submitting

a true and correct copy of same to the clerk via U.S. Mail, and/or e-file via *Odyssey EFile GA* or

*PeachCourt*, which will automatically send notification of filing to counsel of record.

This 2nd day of February, 2024.

/s/ *Kindu A. Walker*
KINDU A. WALKER
Georgia Bar No. 732284
walkerk@litchfieldcavo.com

**LITCHFIELD CAVO LLP**
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328
Telephone: (770) 628-7113
Facsimile:  (770) 628-7101
walkerk@litchfieldcavo.com

**EXHIBIT "A"**

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Priscilla Ray v. Mill Creek Residential Trust LLC, Mill Creek Residential Services, LLC, MCRT Southeast Construction, LLC, CPT Midtown Atlanta Development , LLC, Atlanta Commercial Millworks, Inc., Martin Dodson Homes, LLC, Tony L. Martin, Inc., Rasaan Larrier, John Does 1-5, and XYZ Company Nos. 1-5<br><br>State Court of Fulton County<br><br>Civil Action File No.: 19EV005187 | Hon. Fred C. Eady<br>State Court of Fulton County<br>185 Central Avenue, S.W.<br>Suite T3855<br>Atlanta, GA  30303<br><br><br>Clerk, State Court of Fulton County<br>185 Central Avenue, S.W.<br>Ground Floor – Suite TG-400<br>Atlanta, GA  30303 | Julie Oinonen-Williams, Esq.<br>Muna H. Claxton, Esq.<br>Williams Oinonen, LLC<br>3344 Peachtree Road NE, Suite 800<br>Atlanta, GA  30326-4807<br>julie@goodgeorgialawyer.com<br>muna@goodgeorgialawyer.com<br><br>Brian J. Miller, Esq.<br>3740 Davinci Court<br>Suite 460<br>Peachtree Corners, GA 30092<br>Brian_miller@staffdefense.com<br><br>Peter A. Durham, Esq.<br>Glover & Davis, P.A.<br>P. O. Box 1038<br>Newnan, GA  30264<br>pdurham@gloverdavis.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Allstate Insurance Company a/s/o Al Gulley v. The Home Depot, Inc. D/B/A The Home Depot Team; The Home Depot, Inc D/B/A, The Home Depot Team v. Moura & Utteich Delivery Services, LLC<br><br>State Court of Cobb County<br><br>Civil Action File No.: 22-A-396-1 | Hon. Allison B. Salter State Court of Cobb County 12 East Park Square, Marietta, Georgia 30090-9630 Building B, First Floor-Civil Division<br><br><br>Clerk, State Court of Cobb County 12 East Park Square, Marietta, Georgia 30090-9630 Building B, First Floor-Civil Division | Ronald W. Parnell, Esq. Silas M. Harrington, Jr., Esq. P. O. Drawer 81085 Conyers, GA 30013 rwp@rwpsubro.com |
| Liberty Mutual Insurance Co. a/s/o Cheryl Porter v. The Home Depot, Inc Forward Air, Inc., Spirit Logistics Network, Inc. and Moura & Utteich Delivery Services LLC<br><br>State Court of Cobb County<br><br>Civil Action File No. 20-A-2175 | Hon. John S. Morgan State Court of Cobb County 12 East Park Square, Marietta, Georgia 30090-9630<br><br><br>Clerk, State Court of Cobb County 12 East Park Square, Marietta, Georgia 30090-9630 Courtroom 3B | J. David Stuart, Esq. The J.D. Stuart Law Group, LLC 1825 Barrett Lakes Blvd. Suite 500 Kennesaw, GA 30144 jdavidstuart@stuartattorneys.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Liberty Mutual Insurance Co. a/s/o Kathern Myrna v. Lowes Home Improvement, LLC, Spirit Logistics Network, Inc., and TGI Logistics, LLC</u> <br><br> State Court of Cobb County <br><br> Civil Action File No. 21-A-2522 | Hon. Allison B. Salter <br> State Court of Cobb County <br> 12 East Park Square, Marietta, Georgia 30090-9630 <br> Building B, First Floor-Civil Division <br><br><br><br> Clerk, State Court of Cobb County <br> 12 East Park Square, Marietta, Georgia 30090-9630 <br> Building B, First Floor-Civil Division | J. David Stuart, Esq. <br> The J.D. Stuart Law Group, LLC <br> 1825 Barrett Lakes Blvd. Suite 500 <br> Kennesaw, GA 30144 <br> jdavidstuart@stuartattorneys.com <br><br> Robyn M. Roth, Esq. <br> Nils H. Okeson, Esq. <br> Fain, Major, & Brennan, P.C. <br> One Premier Plaza <br> 5605 Glenridge Drive NE <br> Suite 900 <br> Atlanta, GA 30342 <br> rroth@fainmajor.com <br> nokeson@fainmajor.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Ralph Moise v. Sterling Management LTD, Inc; Avondale Georgia Apartments, LLC; Go Doorstep, LLC; Ally Waste Services, LLC; Private Eye Protection, LLC; XYZ Corp. Nos. 1 through 3; and John Doe Nos. 1 through 3<br><br><br>State Court of Dekalb County<br><br><br><br>Civil Action File No. 22A04276 | Hon. Kimberly K. Anderson<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br><br>Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br>Courtroom A, 2nd Floor | C. Brent Wardrop, Esq.<br>Alphonsie Nelson, Esq.<br>Quintarios, Prieto, Wood & Boyer, P.A.<br>365 Northridge Road,<br>Suite 230<br>Atlanta, Georgia 30350<br>brent.wardrop@qpwblaw.com<br>Alphonsie.nelson@qpwblaw.com<br><br>Duane L. Cochenour, Esq.<br>Nneka A. Egwuatu Anunobi, Esq.<br>Wayne Satterfield, Esq.<br>Hall Booth Smith, PC<br>191 Peachtree Street,<br>Suite 2900<br>Atlanta, Georgia 30303<br>DCochenour@hallboothsmith.com<br>NAnunobi@hallboothsmith.com<br>WSatterfield@hallboothsmith.com<br><br>Justin D. Miller, Esq.<br>Nathaniel K. Hofman, Esq.<br>Stewart Miller Simmons Trial Attorneys<br>55 Ivan Allen Jr. Blvd., Suite 700<br>Atlanta, GA 30308<br>jmiller@smstrial.com<br>nhofman@smstrial.com |
| Sarahi Vasquez-Diego, Guardian Of Minor Marilyn Vasquez v. James Casseus; Smokerise Towing and Transport, LLC; and John Does<br><br>State Court of Dekalb County | Hon. Kimberly K. Anderson<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br><br>Clerk, State Court of Dekalb County | Ray Kermani, Esq.<br>Jason Doucette, Esq.<br>Kermani, LLP<br>1718 Peachtree Street NW, Ste.489<br>Atlanta, GA 30309<br>rk@kermanillp.com<br>jason@kermanillp.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 23A01907 | Dekalb County Courthouse 556 N. McDonough St Decatur, GA 30030 Suite 2210 Courtroom A, 2nd Floor | |
| Nancy Jordan and Michael Jordan v. Michael Gonnelley, The Boyd Group US, Inc., and Glass America Midwest, LLC<br><br>State Court of Clayton County<br><br>Civil Action File No. 2023CV01206 | Hon. Tammi Hayward State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Room 3JC402 Jonesboro, GA 30236<br><br>Clerk, State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Courtroom# 3CR304 Jonesboro, GA 30236 | Trisha Starks-Bryon, Esq. STARKS BYRON, P.C. 1275 Shiloh Road, Suite 2710 Kennesaw, GA 30144 trisha@starksbyron.com |
| Christopher Tuck v. Robertshaw Controls Company; Schneider Electric Systems USA, Inc; Little Giant Manufacturing Company; Cleaning Technologies, Inc. d/b/a Truck Mount Technology, LLC; and American Classic Carpet, Inc<br><br>State Court of Gwinnett County | Hon. Jaletta L. Smith State Court of Gwinnett County Gwinnett County Courthouse 75 Langley Dr, Lawrenceville, GA 30046 Division S7<br><br>Clerk, State Court of Gwinnett County Gwinnett County Courthouse 75 Langley Dr, Lawrenceville, GA 30046 Division S7 | Cale Conley, Esq. Davis Popper, Esq. Christopher George, Esq. Conley Griggs Partin LLP 4200 Northside Parkway, NW Building One, Suite 300 Atlanta, Georgia 30327 cale@conleygriggs.com<br><br>Melissa C. Greene, Esq. Michael J. Yates, Esq. Copeland, Stair, Valz & Lovell, LLP 191 Peachtree Street, NE, Suite 3600 Atlanta, GA 30303-1740 mgreene@csvl.law mjyates@csvl.law<br><br>Warner S. Fox, Esq. Hawkins Parnell & Young, LLP |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 23-C-05704-S7 | | 303 Peachtree Street, N.E., Suite 4000<br>Atlanta, GA 30308-3243<br>wfox@hpylaw.com |
| <u>Central Mutual Insurance Co. a/s/o Samples Residential & & Commercial, Inc. v. Robertshaw Controls Company</u><br><br>State Court of Forsyth County<br><br>Civil Action File No. 23SC-1084-A | Hon. James A. Dunn<br>State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4070<br>Cumming, GA 30040<br><br><br>Clerk, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4070<br>Cumming, GA 30040<br>Courtroom 402 | Robert Parnell, Esq.<br>Ronald W. Parnell, P.C.<br>Attn: SDC<br>P.O. Box 81085<br>Conyers, GA 30013<br>rwp@rwpsubro.com |
| <u>Caleb Jones v. The Lawrence @ Juniper, LLC and XYZ Corps 1-2</u><br><br>State Court of Fulton County<br><br>Civil Action File No.23EV000090 | Hon. Chief Judge Wesley B. Tailor<br>State Court of Fulton County<br>185 Central Avenue, SW<br>Atlanta, GA 30303<br><br>Clerk, State Court of Fulton County<br>185 Central Avenue, S.W.<br>Atlanta, GA  30303 | Brandon Smith, Esq.<br>BRANDON SMITH LAW, LLC<br>5425 Peachtree Parkway, NW<br>Peachtree Corners, GA 30092<br>brandon@brandonsmithlawfirm.com |

| | | |
|---|---|---|
| William S. Suggs, Sr. v. Valdosta Home Center, LLC., Wayne Frier Home Center of Waycross, LLC, WMT Housing, LLC and Joel Scholten, d/b/a Live Oak Homes | Hon. Richard M. Cowart Superior Court of Lowndes County Judicial Complex 327 N. Ashley St. Valdosta, GA 31601 | O. Wayne Ellerbee, Esq. THE ELLERBEE LAW FIRM, P.C. 1000 Slater Street Valdosta, GA 31603-0025 wellerbee@bellsouth.net<br><br>Leslie Kennerly, Esq. YOUNG, THAGARD, HOFFMAN, LLP P.O. Box 3007 Valdosta, GA 31604 lesliekennerly@youngthagard.com |
| American Fiberglass Products, Inc (Third-Party Defendant)<br><br>Superior Court of Lowndes County<br><br>Civil Action File No. 2022CV0702 | Clerk, Superior Court of Lowndes County Judicial Complex 327 N. Ashley St. Valdosta, GA 31601 | G. Lee Welborn, Esq. DOWNEY & CLEVELAND, LLP 288 Washington Avenue Marietta, GA 30060-1979 welborn@downeycleveland.com<br><br>Nicholas B. Tuz, Esq. Michael C. Kendall Kendall Mandell, LLC 3152 Golf Ridge Blvd., Suite 201 Douglasville, GA 30135 nbtuz@kendallmandell.com mckendall@kendallmandell.com<br><br>Sarah Finney Kjellin, Esq. Alexander S. Whitlock, Esq. Guilday Law, P.A. 1983 Centre Pointe Boulevard, Suite 200 Tallahassee, Florida 32308-7823 sarah@guildaylaw.com alex@guildaylaw.com bridgette@guildaylaw.com sofia@guildaylaw.com beths@guildaylaw.com<br><br>Gregory Farris 101 Industrial Park Road Double Springs, AL 35553<br><br>Joel Scholten d/b/a Live Oak Homes 144 Greenwood Drive, GA 31519 |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Nicole Maddox v. Greenbrier Apartments, LLC Dahlonega Rents LLC, and John Does I thru V<br><br>Superior Court of Lumpkin County<br><br>Civil Action File No. SUCV2022000102 | Hon. Joy R. Parks Superior Court of Lumpkin County 325 Riley Road, Room 212 Dahlonega, GA 30533<br><br><br><br>Clerk, Superior Court of Lumpkin County 325 Riley Road, Room 212 Dahlonega, GA 30533 | Jeffry M. Dougan, Esq. David K. May, Esq. Benjamin J. Hillis, Esq. PRINCENTHAL, MAY & WILSON, LLC 750 Hammond Drive Building 12, Suite 200 Sandy Springs, GA 30328 david@princemay.com matthew@princemay.com jeff@princemay.com |
| Allstate Insurance Company v. Seamus Lucy, The Haven of Athens, LLC, Jocelyn Marie Melvin, and Paul G. Melvin<br><br>U.S. Northern District Court of the GA, Atlanta Division<br><br>Civil Action File No. 1:22-cv-03730-VMC | Hon. Victoria Marie Calvert U.S. Northern District Court of the GA, Atlanta Division 2125 Richard B. Russell Federal Building and United States Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303-3309<br><br><br><br>U.S. Northern District Court of the GA, Atlanta Division 2125 Richard B. Russell Federal Building and United States Courthouse 75 Ted Turner Drive, SW Atlanta, GA 30303-3309 Atlanta Courtroom 2105 Chambers 2125 | Ryan D. Dixon, Esq. Jena G. Emory, Esq. Copeland, Stair, Valz & Lovell, LLP 191 Peachtree St. NE, Suite 3600 Atlanta, GA 30303-1740 rdixon@csvl.law jemory@csvl.law<br><br>Stephen T. LaBriola. Esq. Jacob Weiss, Esq. Fellows LaBriola, LLP Peachtree Center Suite 2400 Harris Tower 233 Peachtree Street, N.E. Atlanta, Georgia 30303 slabriola@fellab.com jweiss@fellab.com<br><br>M. Eric Eberhardt, Esq. EBERHARDT & HALE, LLP 1160 S. Milledge Ave., Ste. 120 Athens, Georgia 30605 mee@ehlawfirm.com |
| Allstate Insurance Company v. Seamus Lucy, The Haven of Athens, LLC, Jocelyn Marie Melvin, and Paul G. Melvin | Hon. Chief Judge Fred C. Eady State Court of Fulton County 185 Central Avenue, SW Atlanta, GA 30303 State Court of Fulton County 185 Central Avenue, SW Atlanta, GA 30303 | Jacob Weiss, Esq. FELLOWS LABRIOLA LLP 233 Peachtree Street, N.E., Suite 2400 Atlanta, Georgia 30303 jweiss@fellab.com Thomas E. Brennan, Esq. James F. Taylor, III, Esq. Fain, Major & Brennan, P.C. |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| State Court of Fulton County<br><br>Civil Action File No. 22EV002827 | | One Premier Plaza<br>5605 Glenridge Drive, NE, Suite 900<br>Atlanta, Georgia 30342<br>tbrennan@fainmajor.com<br> jtaylor@fainmajor.com<br><br><br>Ashley Alfonso, Esq.<br>Swift, Currie, McGhee & Hiers, LLP 1355 Peachtree St., NE, Suite 300<br>Atlanta, Georgia 30309<br>ashley.alfonso@swiftcurrie.com<br><br><br> Ryan D. Dixon, Esq.<br>Jena G. Emory, Esq.<br>Copeland, Stair, Valz & Lovell, LLP 191 Peachtree St. NE, Suite 3600<br>Atlanta, GA 30303-1740<br>rdixon@csvl.law<br>jemory@csvl.law |
| Sharon Vines v. TIF-FK-B III, LLC, Build-Us-Back Property Services-FL, LLC, et al.<br><br>State Court of Cobb County<br><br>Civil Action File No. 22-A-1883 | Hon. John S. Morgan<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 3B | Brett A. Miller, Esq.<br>WOOD CRAIG MILLER, LLC<br>3520 Piedmont Road NE<br>Suite 280<br>Atlanta, GA 30305<br>brett@woodcraig.com |
| Shalina Stone v. Whirlpool Corporation and Robertshaw Controls Company<br><br>State Court of Gwinnett County | Hon. Veronica Cope<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC 1825 Barrett Lakes Blvd. Suite 500 Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Civil Action File No. 22-C-05587-S6 | Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | |
| The Gift Barn Boutique, LLC v. Robert Massey Management Systems, Inc<br><br>Civil Action No. 2021CV0180 | Hon. Melanie B. Cross<br>Superior Court of Tift County<br>Charles Kent Administration Bldg.<br>225 Tift Avenue N. Suite 302<br>Tifton, GA 31793<br><br>Superior Court of Tift County<br>Charles Kent Administration Bldg.<br>225 Tift Avenue N. Suite 302<br>Tifton, GA 31793 | John C. Spurlin<br>P.O. Box 7566<br>Tifton Georgia 31793<br>johnspurlin@suprlinlaw.com<br><br>Edward Meeks Jr., Esq.<br>P.O. Box 720<br>Leesburg, Georgia<br>31763eddymeeks@meekslaw.net<br><br>C. Adam Carvin<br>COBB LAW GROUP<br>South Georgia Office<br>P.O. Box 1718<br>Thomasville, Georgia 31799<br>adam@cobblawgroup.net |
| Passage Health International, LLC v. Martha Zendejas Soto and Raphael Gonzalez Soto<br><br>U.S. Eastern District of Tennessee at Knoxville<br><br>Civil Action No. 3:23-cv-225 | Hon. Travis R McDonough<br>U.S. Eastern District of TN at Knoxville<br>900 Georgia Avenue, Room 317<br>Chattanooga, TN 37402<br><br>U.S. Eastern District of TN at Knoxville<br>900 Georgia Avenue, Room 317<br>Chattanooga, TN 37402 | Martha Zendejas Soto<br>8012 Keybridge Way Powell, TN 37849<br><br>Raphael Gonzalez Soto<br>8336 Oak Ridge Highway #K9 Knoxville, TN 37931 |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Anthony Carter Fernandez v. Soma Investment Group, LLC d/b/a South of Maple Apartments, John Does 1-3 and ABC Corporations 1-3</u> <br><br> State Court of Clayton County <br><br> Civil Action File No. 2020CV02348 | Hon. Michael T. Garrett State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Room 3JC102 Jonesboro, GA 30236 <br><br> Clerk, State Court of Clayton County Harold R. Banke Justice Center 9151 Tara Boulevard Room 3JC102 Jonesboro, GA 30236 | Michael Johnson, Esq. Morgan & Morgan P.O. Box 57007 Atlanta, GA 30343-1007 majohnson@forthepeople.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Makayla Carter v. H&S Recovery, LLC and Jerry Link</u><br><br>Magistrate Court of Dekalb County<br><br>Civil Action File No. 23M11045 | Hon. Chief Berryl A. Anderson<br>Magistrate Court of Dekalb County<br>DeKalb County Courthouse<br>Administration Tower<br>556 N. McDonough Street<br>2nd Floor<br>Decatur, GA 30030<br><br>Clerk, Magistrate Court of Dekalb County<br>DeKalb County Courthouse<br>Administration Tower<br>556 N. McDonough Street<br>2nd Floor<br>Decatur, GA 30030 | Bhrett J. Pizza, Esq.<br>Jonathan L. Pizza, Esq.<br>Bhrett J. Pizza, Attorney at Law, P.C.<br>216 Alexander Street<br>Marietta, GA 30060<br>pizzalawga@hotmail.com<br>pizzalawjlp@hotmail.com |
| <u>Ashley LeConte Campbell v. Vinings Chase Condominium Association, Inc, Heritage Property Management Services, Inc. and Castle Property Services, LLC,</u><br><br><u>Castle Property Services, LLC (Third-Party Plaintiff) v. Diamond Back Enterprises, LLC and Epic, LLC (Third-Party Defendants)</u><br><br>Superior Court of Fulton County | Hon. Charles M. Eaton, Jr.<br>Superior Court of Fulton County<br><br>Justice Center Tower<br>185 Central Ave, S.W.<br>Atlanta, GA 30303<br><br>Clerk, Superior Court of Fulton County<br>Justice Center Tower<br>185 Central Ave, S.W.<br>Atlanta, GA 30303<br>Courtroom 5C<br>Chamber 5755 | Henry M. Quillian, III, Esq.<br>Taylor English Duma, LLP<br>1600 Parkwood Circle,<br>Suite 200Atlanta, GA 30339<br>hquillian@taylorenglish.com<br><br>Nicole C. Leet, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske, L.L.P. 950 East Paces Ferry Road<br>Suite 1700 – Salesforce Tower<br>Atlanta, GA 30326<br>nleet@grsmb.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Lacher Thompson v. L'Oreal USA, Inc.; L'Oreal USA Product, Inc.; Soft Sheen/Carson, Inc.; Godrej Son Holdings, Inc.; Strength of Nature, LLC; Avlon Industries, Inc.; Avlon International, Inc.; Beauty Bell Enterprises, LLC' and Does 1-100<br><br>State Court of Chatham County<br><br>Civil Action File No. STCV23-00445 | Hon. Derek J. White State Court of Chatham County 133 Montgomery Street Savannah, Georgia 31401 Suite 430<br><br><br><br>Clerk, State Court of Chatham County 133 Montgomery Street Savannah, Georgia 31401 Suite 430 | Emma H. Cramer, Esq. Colin Dang Delaney, Esq. Sasha N. Greenberg, Esq. SMITH, GAMBRELL & RUSSELL, LLP 1105 W. Peachtree St. NE Suite 1000 Atlanta, Georgia 30309 cdelaney@sgrlaw.com sgreenberg@sgrlaw.com ecramer@sgrlaw.com<br><br>M. Brandon Smith, Esq. C. Andrew Childers, Esq. CHILDERS, SCHLUETER & SMITH, LLC 1932 N. Druid Hills Road, Suite 100 Atlanta, Georgia 30319 achilders@cssfirm.com bsmith@cssfirm.com<br><br>Anne Andrews, Esq. Sean Higgins, Esq. Robert Siko, Esq. ANDREWS & THORNTON 4701 Von Karman Ave., Suite 300 Newport Beach, CA 92660<br><br>Brian L. Williams, Esq. Joneis M. Phan, Esq. Roxy S. Shekarriz, Esq. GREENBERG GROSS LLP 650 Town Center Drive, Suite 1700 Costa Mesa, California 92626<br><br>Mark D. Johnson, Esq. GILBERT, HARRELL, SUMERFORD & MARTIN, P.C. Post Office Box 190 Brunswick, Georgia 31521-0190 mjohnson@ghsmlaw.com |

2023CV01206

| | | Leslie K. Eason, Esq.<br>Peter Siachos, Esq.<br>GORDON REES SCULLY<br>MANSUKHANI, LLP<br>55 Ivan Allen Jr. Blvd. N.W., Suite 750<br>Atlanta, GA 30308<br>leason@grsm.com<br>Psiachos@grsm.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Liberty Mutual Insurance Co. a/s/o Marita Heberling v. Robertshaw Controls Company<br><br>State Court of Forsyth County<br><br>Civil Action File No. 23SC-0027B | Hon. Chief Judge T. Russell McClelland<br>State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016<br><br>Clerk, State Court of Forsyth County<br>101 East Courthouse Square<br>Suite 4016 | J. David Stuart, Esq.<br>The J.D. Stuart Law Group, LLC<br>1825 Barrett Lakes Blvd. Suite 500<br>Kennesaw, GA 30144<br>jdavidstuart@stuartattorneys.com |
| Lance Innovative Management Services, LLC v. Ronald Woods and R.D. Wood Insurance Associates, Inc.<br><br>Superior Court of Fayette County<br><br>Civil Action File No. 2023V-0587 | Hon. Scott L. Ballard<br>Superior Court of Fayette County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214<br><br>Clerk, Superior Court of Fayette County<br>Fayette County Justice Center<br>One Center Drive<br>Fayetteville, Georgia 30214 | Michael B. Weinstein, Esq.<br>Ashley S. Lewis<br>3050 Amwiler Road, Suite 200-C<br>Atlanta, Georgia 30360<br>mike@wblegal.net<br>ashley@wblegal.net |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Mojirayo Adepoju v. L'Oreal USA, Inc.; L'Oreal USA Products, Inc.; Soft Sheen-Carson, LLC, Strength of Nature, LLC; Godrej Son Holdings, Inc.; Dabur International Limited; Dabur International USA LTD,; Namaste Laboratories; Dermovia Skin Essentials, Inc.; Afam Concept, Inc. d/b/a JF Labs Inc.; Beauty Bell Enterprises, LLC f/k/a House of Cheatham, Inc.; House of Cheatham, LLC; Luster Products Company; McBride Research Laboratories; John Does 1-10<br><br>State Court of Chatham County<br><br>Civil Action File No. STCV23-01641 | Hon. Derek J. White<br>State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430<br><br><br>Clerk, State Court of Chatham County<br>133 Montgomery Street<br>Savannah, Georgia 31401<br>Suite 430 | M. Brandon Smith, Esq.<br>C. Andrew Childers, Esq.<br>CHILDERS, SCHLUETER & SMITH, LLC<br>1932 N. Druid Hills Road, Suite 100<br>Atlanta, Georgia 30319<br>achilders@cssfirm.com<br>bsmith@cssfirm.com<br><br>Melanie H. Muhlstock, Esq.<br>Megan L. Foggia, Esq.<br>Laila A. Razzaghi, Esq.<br>PARKER WAICHMAN LLP<br>6 Harbor Park Drive<br>Port Washington, New York 11050<br>mmuhlstock@yourlawyer.com<br>mfoggia@yourlawyer.com<br>lrazzaghi@yourlawyer.com<br><br>Leslie K. Eason, Esq.<br>Peter Siachos, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>55 Ivan Allen Jr. Blvd. N.W., Suite 750<br>Atlanta, GA 30308<br>leason@grsm.com<br>Psiachos@grsm.com<br><br>Dennis S. Ellis, Esq.<br>Katherine F. Murray, Esq.<br>Nicholas J. Begakis, Esq.<br>ELLIS GEORGE CIPOLLONE O'BRIEN LLP<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, CA 90067<br>dellis@egcfirm.com<br>kmurray@egcfirm.com<br>nbegakis@egcfirm.com<br><br>Jennifer R. Burbine, Esq. |

2023CV01206

| | | |
|---|---|---|
| | | MCGUIREWOODS LLP<br>1075 Peachtree Street, NE<br>35th Floor<br>Atlanta, Georgia 30309<br>jburbine@mcguirewoods.com<br><br><br>Elizabeth Eklund Johnson, Esq.<br>Maron Marvel Bradley Anderson &<br>Tardy 1201 N. Market Street – Suite<br>1100 Wilmington, DE 19801<br>ejohnson@maronmarvel.com<br><br>R. Scott Masterson, Esq.<br>Candis R. Jones, Esq.<br>Seth Friedman, Esq.<br>LEWIS BRISBOIS BISGAARD &<br>SMITH, LLP<br>600 Peachtree Street NE, Suite 4700<br>Atlanta, Georgia 30308<br>Scott.masterson@lewisbrisbois.com<br>Candis.jones@lewisbrisbois.com<br>Seth.Friedman@lewisbrisbois.com<br><br>Mark D. Johnson, Esq.<br>Gilbert, Harrell, Sumerford & Martin,<br>P.C. 777 Gloucester Street, Suite 200<br>Brunswick, Georgia 31520<br>mjohnson@ghsmlaw.com<br>Lori B. Leskin, Esq.<br>Arnold & Porter Kay Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Lori.Leskin@arnoldporter.com<br><br>Rhonda R. Trotter, Esq.<br>777 South Figueroa Street<br>Los Angeles, California 90017-5844<br>Rhonda.Trotter@arnoldporter.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Taheria Shantea Hines v. Speedy Recovery Service, Inc</u><br><br>State Court of Dekalb County<br><br><br><br><br>Civil Action File No. 23A04422 | Hon. Kimberly A. Alexander<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br><br>Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 2210<br>Courtroom B 2nd Floor | Taheria Hines<br>*Pro Se Defendant*<br>661 Sherwood Dr. Apt-E4<br>Jonesboro, GA 30236<br>Tenasaroberts13@gmail.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Eliezer Diaz v. ABA Best Janitorial Services, Inc., Sarofim Realty Advisors Co., Sarofim Realty Advisors LLC, BJS Plaza Fiesta, LLC, Kennedy Properties, LTD, John Doe(s) 1-5, and ABC Corporation(s) 1-10 | Hon. Ana Maria Martinez<br>State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 3240 | Rachel Deloach-Burke, Esq.<br>MONGE & ASSOCIATES 8205<br>Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>rachelB@monge.lawyer<br><br>Paul J. Spann, Esq.<br>Adam C. Joffe, Esq.<br>GOODMAN MCGUFFEY, LLP 3340<br>Peachtree Road, NE<br>Suite 2100<br>Atlanta, GA 30326<br>pspann@gm-llp.com<br>ajoffe@gm-llp.com |
| State Court of Dekalb County<br><br><br><br>Civil Action File No. 23A02061 | Clerk, State Court of Dekalb County<br>Dekalb County Courthouse<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 3240<br>Courtroom D 3rd Floor | Charity T. Wood, Esq.<br>Michael J. Rust, Esq.<br>Gray, Rust, St. Amand, Moffett & Brieske, LLP<br>1700 Salesforce Tower Atlanta<br>950 East Paces Ferry Road<br>Atlanta, GA 30326<br>cwood@grmsb.com<br>mrust@grsmb.com<br><br><br>Mark D. Lefkow, Esq.<br>Michael J. Yates, Jr., Esq.<br>Copeland, Stair, Valz & Lovell, LLP<br>191 Peachtree Street NE, Suite 3600<br>P. O. Box 56887 (30343-0887)<br>mlefkow@csvl.law<br>mjyates@csvl.law |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Alberta Saunders v. Sabatini Atlanta Enterprises Inc.; The Kroger Co.; and Elijah Joel Cantrell</u><br><br>State Court of Clayton County<br><br>Civil Action File No. 2023CV00568 | Hon. Sonyja George<br>State Court of Clayton County<br>Harold R. Banke Justice Center<br>9151 Tara Boulevard<br>Jonesboro, GA 30236<br><br><br>Clerk, State Court of Clayton County<br>Harold R. Banke Justice Center<br>Room 3JC101<br>9151 Tara Boulevard<br>Jonesboro, GA 30236<br>Courtroom# 3CR301 | Shella D. Crochet, Esq.<br>Morgan & Morgan Atlanta, LLC<br>191 Peachtree Street, NE,<br>Suite 4200<br>P.O. Box 57007<br>Atlanta, GA 30343<br>scrochet@forthepeople.com |

2023CV01206

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Bryant Garrott v. Centennial Contractors Enterprises, Inc., and Harold Peterson, et al.</u><br><br>State Court of Gwinnett County<br><br>Civil Action File No. 23-C-02772-S2 | Hon. Shawn F. Bratton<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S2<br><br><br>Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S2 | Inna Voronkina, Esq.<br>FOY & ASSOCIATES, P.C.<br>3343 Peachtree Road, NE<br>Suite 350<br>Atlanta, GA 30326<br>ivoronkina@johnfoy.com<br><br>Rachel Deloach-Burke, Esq.<br>MONGE & ASSOCIATES 8205 Dunwoody Place<br>Building 19<br>Atlanta, GA 30350<br>rachelB@monge.lawyer<br><br>Lauren E.H. Meadows, Esq.<br>Melissa A. Segel, Esq.<br>SWIFT, CURRIE, MCGHEE, & HIERS,<br>LLP<br>1420 Peach Tree St. N.E.<br>Suite 800<br>Atlanta, GA 30309<br>Melissa.segel@swiftcurrie.com<br>Lauren.meadows@swiftcurrie.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| State Farm Fire & Casualty Co. as Subrogee of Zachary Brown v. The Home Depot, Inc. and Spirit Logistics Network, Inc. dba Spirit Delivery & Distribution Services<br><br>Spirit Logistics Network, Inc dba Spirit Delivery & Distribution Services, Inc (Third-Party Plaintiff) v. Omega Trucking, LLC (Third-Party Defendant)<br><br>State Court of Cobb County<br><br>Civil Action File No. 22-A-4351 | Hon. Maria B. Golick<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br><br><br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 4C | G. Lee Wellborn, Esq.<br>Downey & Cleveland, LLP<br>288 Washington Ave NE<br>Marietta, GA 30060<br>welborn@downeycleveland.com<br><br><br>Brandon G. Day, Esq.<br>Hanks Law Group, LLC<br>The Hardin Building<br>1380 W Paces Ferry Rd NW<br>Suite 2265<br>Atlanta, GA 30327<br>bday@hankslawgroup.com<br><br><br>Candace M. Boutwell, Esq.<br>BOUTWELL & ASSOCIATES, LLC<br>2280 Satellite Blvd, Bldg B<br>Duluth GA 30097<br>candace@subrofirm.com |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| <u>Tatiana Tabara and George Tabara v. Spirit Logistics Network, Inc.,</u><br><br><u>Spirit Logistics Network, Inc (Third-Party Plaintiff)</u><br><u>v.</u><br><u>Omega Trucking, LLC (Third-Party Defendant)</u><br><br>State Court of Gwinnett County<br><br>Civil Action File No. 23-C-02011-S6 | Hon. Veronica Cope<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6<br><br><br><br><br>Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S6 | Micahel B. Weinstein, Esq.<br>Ashley S. Lewis, Esq.<br>WEINSTEIN & BLACK, LLC<br>3050 Amwiler Rd., Ste 200-C<br>Atlanta, GA 30328<br>mike@wblegal.net<br>ashley@wblegal.net<br><br><br>M. Boyd Jones, Esq.<br>Morgan Tabor, Esq.<br>Jones & Palmer, LLC<br>639 Whitlock Avenue SW, 2nd Floor<br>Marietta, Georgia 30064<br>boyd.jones@jonespalmerlaw.com<br>morgan.tabor@jonespalmerlaw.com |
| <u>Mende Thompson v. Deborah Moger Tinsley, and Audrey Jayne Dickerson</u><br><br>Superior Court of Rockdale County<br><br>Civil Action File No. 2023-CV-1010 | Hon. Robert F. Mumford<br>Superior Court of Rockdale County<br>Rockdale County Courthouse<br>922 Court St.<br>Conyers, GA 30012<br><br><br>Clerk, Superior Court of Rockdale County<br>Rockdale County Courthouse<br>922 Court St.<br>Conyers, GA 30012<br>Room 225<br>Courtroom 225C | Raymond T. Brooks, Esq.<br>The Law Office of Raymond T. Brooks, Jr.<br>281 Scenic Highway<br>Lawrenceville, GA 30046<br>rtboffice@yahoo.com<br><br>Deborah Moger Tinsley, Defendant<br>c/o Rockdale House for Women<br>995 Milstead Avenue<br>Conyers, Georgia 30012<br><br>Audrey Jayne Dickerson, *Pro Se Defendant*<br>954 Macks Road<br>Harlem, Georgia 30814 |

| Case Name, Case Number and Court | Judge and Clerk | Counsel of Record |
|---|---|---|
| Kathryn Hunt v. Service Collision Center (Georgia), Inc., and John Doe<br><br>State Court of Fulton County<br><br>Civil Action File No. 23EV007115 | Hon. Myra H. Dixon<br>State Court of Fulton County<br>185 Central Avenue, S.W.<br>Atlanta, GA  30303<br><br><br>Clerk, State Court of Fulton County<br>185 Central Avenue, S.W.<br>Ground Floor – Suite TG-400<br>Atlanta, GA  30303 | Peter A. Law, Esq.<br>Brian C. Kaplan, Esq.<br>LAW & MORAN<br>56 Spring Street, NW<br>Atlanta, Georgia 30308<br>peter@lawmoran.com<br>brian@lawmoran.com |
| Kwynjatta Evans v. Whitestone Construction Group LLC, Pyles Plumbing and Utility Contractors, Inc., and John Doe 1 thru 10, Whose True Identities are Unknown to Plaintiff<br><br>State Court of Fulton County<br><br>Civil Action File No. 23EV006853 | Hon. Jay M. Roth<br>State Court of Fulton County<br>185 Central Avenue, S.W.<br>Suite T3955<br>Atlanta, GA  30303<br><br><br>Clerk, State Court of Fulton County<br>185 Central Avenue, S.W.<br>Atlanta, GA  30303 | David K. May, Esq.<br>Benjamin J. Hillis, Esq.<br>PRINCENTHAL, MAY & WILSON, LLC<br>750 Hammond Drive<br>Building 12, Suite 200<br>Sandy Springs, GA 30328<br>david@princemay.com<br>ben@princemay.com |

| | | |
|---|---|---|
| <u>Peter Lane Subowicz v. Arijar LLC, d/b/a Kika Stretch Studios Vinings, Shari Purnell, John Doe Corporation and Jane Doe</u><br><br>State Court of Cobb County<br><br>Civil Action File No. 23-A-5264 | Hon. John S. Morgan<br>State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br><br><br>Clerk, State Court of Cobb County<br>12 East Park Square, Marietta, Georgia 30090-9630<br>Courtroom 3B | Brian T. Caron, Esq.<br>William J. D'Elia, Esq.<br>STEIN & CARON LAW GROUP, LLC<br>3715 Northside Parkway<br>Suite 3-650<br>Atlanta, GA 30327<br>Brian.caron@steinfirm.com<br>William.delia@steinfirm.com |
| <u>Jamie Kail, Individually as Next of Kin, and as Administrator of the Estate of Brandon Johnson, deceased v. Marquis A. Hunter, John Does 1-3, Evergreen Freight, LLC, Zamm Logistics, LLC Sana Freight, Inc., ABC Companies 1-3, Knightbrook Insurance Company, et. al.</u><br><br>State Court of DeKalb County<br><br>Civil Action File No. 23A05863 | Hon. Wayne M. Purdom<br>State Court of DeKalb County<br>556 N. McDonough St<br>Decatur, GA 30030<br>Suite 3220<br><br><br>Clerk, State Court of DeKalb County<br>556 N. McDonough St<br>Decatur, GA 30030<br>Courtroom B<br>3rd Floor | Evan Kaine, Esq.<br>John David Holt, Esq.<br>Kaine Law, LLC<br>1441 Dunwoody Village Parkway<br>Suite 100<br>Atlanta, Georgia 30338<br>ekaine@kainelaw.com<br>jdholt@kainelaw.com |

| | | |
|---|---|---|
| <u>Sharon North, and her minor children J.C. and R.C., appearing through Sharon North as their next friend v. GMF-FOREST COVE, LLC and MILLENIA HOUSING MANAGEMENT, LLC</u><br><br>Superior Court of Fulton County<br><br>Civil Action File No. <u>2021CV348534</u> | Hon. Chief Judge Ural Glanville<br>Superior Court of Fulton County<br>185 Central Ave, S.W.<br>Atlanta, GA 30303<br><br><br><br><br><br><br><br><br>Clerk, Superior Court of Fulton County<br>185 Central Ave, S.W.<br>Atlanta, GA 30303<br>Courtroom 8F<br>Chambers 8955 | Esther Graff-Radford, Esq.<br>GRAFF-RADFORD LAW, LLC<br>3411 Pierce Dr. Chamblee, GA 30341<br>esther@graff-radford.com<br><br>Robert Cairns, Esq.<br>ATTORNEY ROBERT CAIRNS, LLC<br>3411 Pierce Dr. Chamblee, GA 30341<br>Robert@attorneyrjc.com |
| <u>Morgan Ames v. Amazon Logistics, Inc., Tranmazon, LLC, and John Doe</u><br><br>State Court of Gwinnett County<br><br>Civil Action File No. 23-C-08870-S3 | Hon. Chief Judge Carla E. Brown<br>State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S3<br><br>Clerk, State Court of Gwinnett County<br>Gwinnett County Courthouse<br>75 Langley Dr, Lawrenceville, GA 30046<br>Division S3 | Stephen T. LaBriola, Esq.<br>Maxwell R. Jones, Esq.<br>Jacob M. Weiss, Esq.<br>FELLOWS LABRIOLA, LLP<br>Suite 2400 – Harris Tower, Peachtree Center<br>233 Peachtree Street, NE<br>Atlanta, Georgia 30303-1731<br>slabriola@fellab.com<br>mjones@fellab.com<br>jweiss@fellab.com<br><br>Trace Sexton, Esq.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>3348 Peachtree Road, N.E.<br>Suite 1400<br>Atlanta, GA 30326<br>Parks.stone@wilsonelser.com<br>Trace.sexton@wilsonelser.com |

2023CV01206

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Hannah Lowery

e-Filed 2/2/2024 4:43 PM

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NANCY JORDAN and | ) | |
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2023 CV 01206-LH |
| | ) | |
| MICHAEL GONNELLEY, | ) | |
| THE BOYD GROUP US, INC. and | ) | |
| GLASS AMERICA MIDWEST, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The matter before the Court is Plaintiffs' *Consent Motion to Dismiss the Boyd Group US, Inc. Without Prejudice*, filed on December 18, 2023. The Court having considered the motion, the record, and the law, finding good cause therefore, and having heard no objection,

IT IS HEREBY ORDERED that Plaintiffs' *Consent Motion to Dismiss the Boyd Group US, Inc. Without Prejudice* is **GRANTED**, and The Boyd Group US, Inc. shall be **DISMISSED WITHOUT PREJUDICE** from the above-styled action.

SO ORDERED this _____ 5th _____ day of February, 2024.

_____
Tammi Long Hayward
Judge, State Court of Clayton County

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NANCY JORDAN and | ) | |
| MICHAEL JORDAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2023 CV 01206-LH |
| | ) | |
| MICHAEL GONNELLEY, THE BOYD | ) | |
| GROUP US, INC. and GLASS | ) | |
| AMERICA MIDWEST, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the order dated February 2, 2024 on the parties through the Georgia Odyssey e-filing system.

This 2nd day of February, 2024.

Camille Heath-Fortson,
Staff Attorney for Judge Tammi Long Hayward
State Court of Clayton County

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Shalonda Green**

## LEAVE OF ABSENCE

**DATE :**     **February 29, 2024**

**TO:**     **ALL JUDGES, CLERKS OF COURT AND COUNSEL OF**
            **RECORD**

**FROM:**     **Trisha Starks, Esq.**

**RE:**     **NOTICE OF LEAVE OF ABSENCE**

COMES NOW Trisha Starks and respectfully notifies all judges before whom she has cases pending, all affected clerks of court and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.     The periods of leave during which time Applicant will be away from the practice of law are:  April 1, 2024 –April 5, 2024.

2.     The purpose of the leave is continuing legal education and vacation.

3.     All affected judges and opposing counsel shall have 10 days from the date of this notice to object.  If no objections are filed, the leave shall be granted.

This 29th day of February, 2024.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks*_____
Trisha Starks, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, Georgia 30144
Ph 404-795-5115
Fax 404-994-1220
trisha@starksbyron.com

2023CV01206

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing NOTICE OF LEAVE OF ABSENCE upon all judges, clerks and opposing counsel listed on the attached Exhibit A by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 29th day of February, 2024.

Respectfully submitted.
STARKS BYRON, P.C.,

*/s/ Trisha Starks*_____
Trisha Starks, Esq.
Georgia State Bar No. 128293
Attorney for Plaintiff

1275 Shiloh Road
Suite 2710
Kennesaw, Georgia 30144
Ph 404-795-5115
Fax 404-994-1220
trisha@starksbyron.com

**EXHIBIT A**

| CASE NO. CASE NAME | NAME/JUDGE COURT/COUNTY | OPPOSING COUNSEL NAME/ADDRESS | CLERK'S ADDRESS |
|---|---|---|---|
| Lebert Brown v. Michael Callan Case No. 21-A-1458 | Honorable Maria B. Golick Cobb County State Court | Megan L. Prince-Miller, Esq. Law Office of McLaughlin & Ream P.O. Box 7217 London, KY 40742 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |
| Abiola Daramola v. Brian Oravetz and Beverly Selby Case No. 23-A-4182 | Honorable Jane P. Manning Cobb County State Court | | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |
| Anthony Bly, Tikia Day, individually, and as natural guardian of Aniy'lah Day-Bly v. National Appeal of Georgia, LLC and Chris Krajewski Case No. 22EV003643 | Honorable Patsy Y. Porter Fulton County State Court | Pamela Newsom Lee, Esq. Jordan M. Mahoney, Esq. Law Office of Swift, Currie, McGhee & Heirs, LLP 1420 Peachtree Street NE Suite 800 Atlanta, GA 30309 | Fulton County State Court 185 Central Ave SW, Atlanta, GA 30303 Phone: 404-613-4245 |
| Loren Edwards v. Keith Lamar Goodson Case No. SUCV2024000037 | | Antoinette A. Thomas P.O. Box 77055 Madioson, WI 53707 | Polk County Superior Court 100 Prior St #106, Cedartown, GA 30125 |

| | | | Phone: 770-784-2035 |
|---|---|---|---|
| Rickey Fuqua and Rhonda Fuqua v. Saralyn Moore Case No. 2021SCV0338 | Honorable John K. Edwards Jr. Lowndes County State Court | Leslie Kennerly, Esq Jeremy D. Parker, Esq. Young, Thagard, Hoffman, LLP P.O. Box 3007 Valdosta, GA 31604 | State Court of Lowndes County 327 N. Ashley St. Valdosta, GA 31601 |
| Nancy Jordan and Michael Jordan and Michael Gonnelley and Glass America Midwest, LLC. Case No. 2023CV01206 | Honorable Tammi L. Hayward Clayton County State Court | Kindu A. Walker, Esq. Law Office of Litchfield Cavo, LLP. 2100 Riveredge Parkway Suite 1200 Atlanta, GA 30328 | Clayton County State Court 9151 Tara Blvd, Jonesboro, GA 30236 Phone: 770-477-3388 |
| Kevin McCallister v. DeKalb County, Georgia Case No. 23A02412 | Honorable Kimberly A. Alexander DeKalb County State Court | David P. Arnold, Esq. Parks S. Stone, Esq. Alex F. Resnak, Esq. Law Office of Wilson Elser Moskowitz Eldelman & Dicker, LLP 3348 Peachtree Road NE Suite 1400 Atlanta, GA 30326 | DeKalb County State Court 556 N McDonough St, Decatur, GA 30030 Phone: 404-371-2261 |
| Curtis Parris and Amanda Parris v. Oladayo Oyefuga Case No. 23SCE0558 | Honorable Alan W. Jordan Cherokee County State Court | Thomas E. Brennan, Esq. Law Office of Fain Major & Brennan, P.C. One Premier Plaza 5605 Glenridge Drive NE Suite 900 Atlanta, GA 30342 | Cherokee County Court 90 North St g170, Canton, GA 30114 Phone: 678-493-6511 |
| Ebony Respress and Justin Respress v. Jakyra Dobbs Case No. 23A02695 | Honorable Ana Maria Martinez DeKalb County State | Mitchel S. Evans, Esq. Ethan L. Ramsammy, Esq. Law Office of McAngus | DeKalb County State Court 556 N McDonough St, |

| | Court | Goudelock & Courie, LLC. P.O. Box 57365 270 Peachtree Street NW Suite 1800 (30303) Atlanta, GA 30343 | Decatur, GA 30030 Phone: 404-371-2261 |
|---|---|---|---|
| Carol Ross and William Ross v. Anthony Miller and Isaiah Wylie Case No. 22-A-1046-7 | Honorable Carl W. Bowers Cobb County State Court | Alex McDonald, Esq. Swift, Currie, McGhee & Heirs, LLP 1420 Peachtree Street NE Suite 800 Atlanta, GA 30309  Michelle E. Rossi, Esq. Law Offices of Assunta S.Fiorini P.O. Box 258829 Oklahoma City, Oklahoma 73125-8829  Roberta L. Dural, Esq. Law Office of Nancy W.Phillips 3200 Windy Hill Road SE Suite 1525E Atlanta, GA 30339 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |
| Draper Thrasher, as the Sole Heir and Administrator of the Estate of Harvey Lee Thrasher v. Wellstar Cobb Hospital Inc. Case No. 23-A-4486 | Honorable Carl W. Bowers Cobb County State Court | Sharonda Boyce Barnes, Esq. Caitlin N. Eldred, Esq. Law Office of Huff, Powell, & Bailey, LLC 999 Peachtree Street NE Suite 950 Atlanta, GA 30309 | Cobb County State Court 12 East Park Square Marietta, GA 30090 Phone: 770-949-2000 |

2023CV01206

| Daijia Tyson v. Miguel Garcia<br>Case No. 24-A-777 | Honorable Eric A.<br>Brewton<br>Cobb County State Court | | Cobb County State<br>Court<br>12 East Park Square<br>Marietta, GA 30090<br>Phone: 770-949-2000 |
|---|---|---|---|
| Jillian Welch v. Jennifer Hyatt<br>Case No. 22-A-63 | Honorable John S. Morgan<br>Cobb County State Court | Deanna Jones, Esq.<br>Law Office of Marcus A.<br>Blackwell<br>3200 Windy Hill Road<br>SE<br>Suite 1525E<br>Atlanta, GA 30339 | Cobb County State<br>Court<br>12 East Park Square<br>Marietta, GA 30090<br>Phone: 770-949-<br>2000 |